A. T. & S. F. Rld. Co. v. Townsend.

THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COM-
PANY v. CALVIN P. TOWNSEND.

1. CROSS-EXAMINATION; *No Impeachment, When.* Where evidence of a
collateral fact, and one irrelevant to the issue, is drawn from a wit-
ness on cross-examination, the party adducing such testimony cannot
introduce evidence contradicting his statement concerning such col-
lateral matter solely for the purpose of discrediting him.

2. NEGLIGENCE — *Care.* It is negligence *per se* for the railroad com-
pany to fail to sound the whistle eighty rods from a public crossing,
but it does not excuse a traveler from using care and caution to avoid
injury at such crossing.

3. RAILROAD CROSSING — *Duty in Crossing.* It is the duty of one about
to cross a railroad crossing to look and listen for an approaching
train, and if the view of the track is limited and partially obstructed,
greater care is required on the part of a traveler than would be if he
had an open and extended view of the same.

*Error from Jefferson District Court.*

ACTION to recover damages for bodily injuries. Trial at
the October term, 1886, and judgment for plaintiff *Townsend*
for $3,500. The defendant *Railroad Company* brings the
case here.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plain-
tiff in error.

*Thos. P. Fenlon,* and *Louis A. Myers,* for defendant in error.

Opinion by HOLT, C.: On February 21, 1885, the defend-
ant in error drove from Valley Falls to his home, about two
miles northeast of that city. He was compelled to cross the
track of the defendant's railroad twice, and at the crossing
nearest his home, the locomotive of a passing passenger train
of the defendant struck the rear end of the wagon in which
he was riding, and he was thrown out and his foot injured.
He brought this action against the company for the injury
sustained. It was tried at the October term, 1886, of the
Jefferson district court, and he recovered judgment for $3,500.
The company brings the case here.

The only errors complained of that we care to notice are, first, the admission of irrelevant testimony; and second, whether the plaintiff was guilty of contributory negligence. A witness for defendant, J. B. Kelly, in his direct examination, testified that he was the fireman on the train which ran into plaintiff's wagon at the crossing; that for the last twenty-six months his run had been between Topeka and Atchison, and that on the day the accident occurred the whistle was sounded three times at the whistling-post eighty rods west of the crossing. Upon cross-examination he testified: "During all the time I worked as fireman on that train, the whistle of the engine on which I worked was regularly sounded for the crossing, and the engineer never failed to sound his whistle for the crossing." Over the objection of the defendant, other witnesses were allowed, in rebuttal, to testify that at other times than upon the day when the accident occurred, the whistle was not sounded for the crossing in question. Defendant contends that such evidence was irrelevant and immaterial, and as it tended only to contradict the witness on a fact which was collateral and irrelevant, and about a matter that was drawn out by the plaintiff himself upon cross-examination, it was error for the court to admit it. We are of the opinion that the contention of the defendant is correct. This testimony did not tend to establish any issue in the case. The witness had testified about the sounding of the whistle upon nearing this crossing that day. In the cross-examination by plaintiff, he gave evidence concerning the blowing of the whistle at other times—that it was the invariable habit of the engineer to sound the whistle at all crossings. Such testimony would not be proper cross-examination ordinarily; in this instance, for the additional reason that this was the first trip the witness had made with the engineer then in charge of the engine, and the first time the engineer had run this passenger train. The

**1. Cross-examination; no impeachment, when.** well-settled rule is, that a witness cannot be contradicted by evidence which is collateral and irrelevant to the issue, simply for the purpose of discrediting him. (*R. V. Rld. Co. v. Linn*, 15 Neb. 234; 1

Greenl. Ev., § 449.) This testimony was important, because the only negligence of defendant complained of was the failure to sound the whistle at this crossing, and there was a conflict of evidence upon this question, not greatly preponderating in favor of either party. We believe that the court erred in permitting such testimony to go to the jury.

It is claimed by the defendant that Townsend was guilty of negligence in attempting to cross the track of defendant's road at the time of the accident. The facts, as shown by the record, appear to be: The plaintiff had lived at his then home for eight years, and had crossed the track at this point very often during that time, and had become familiar with it; in approaching the crossing at the time of the collision he was going nearly north, and the train nearly east; the wagon-road along which he was passing, before it reached the railroad track, was on higher ground, descending gradually until it crossed the rails; for some distance on the west side of the wagon-road there were brush and small trees, but they did not obscure the view of the railroad except for a rod or two immediately before it entered the defendant's right-of-way; the right-of-way itself was clear of brush and trees; the wagon-road first touched it about sixty feet from the rails; at that point the track could be seen west of the crossing a distance of five hundred feet, and when thirty feet from the crossing it could be seen seven hundred and fifty feet. Plaintiff himself testified that when he was six or eight rods from the crossing he looked for the approach of a train, and from the place from which he looked he could have seen a train of cars twenty-five rods west of the crossing; he did not look for the train after he reached defendant's right-of-way; the jury found that he ceased to look at the distance of seventy feet before he reached the rails. He was driving his team at a slow walk, and the train was approaching at the rate of thirty-five miles an hour. He wore a woolen overcoat and cloth cap, and around his neck a scarf about two yards long and fifteen inches wide; he testified that he did not hear the whistle of the engine, nor the tread of the approaching train.

The defendant contends that this testimony establishes the fact that plaintiff was guilty of negligence, and that such negligence contributed to his injury, and for that reason insists that he ought not to recover.   The plaintiff argues that as he did look up the track, that was some evidence of care, and as the question was submitted to the jury, and they found in his favor, it is conclusive on that point.   Plaintiff further argues that it was the province of the jury to determine whether his acts, under the circumstances proven, were negligent, and that by the verdict in his favor they determined that he had exercised sufficient care.

The findings of the jury and the evidence of the plaintiff himself show that he was not prudent in approaching the railroad track in the manner he did.   He testified himself that he knew it was about train-time, though further added that he supposed the train had passed.   We think that it is no proof of care for a party six or eight rods from a railroad crossing to look for an approaching train, when from that place he cannot see more than twenty-five rods from the crossing, especially if he is driving at an ordinary walk and the train is approaching swiftly.   The jury found in this instance it was going at the rate of thirty-five miles an hour, and the testimony shows that it usually passed the crossing at the rate of twenty-five or thirty miles an hour.   The plaintiff, living near the crossing, must have known its ordinary speed.   If it was approaching even at the rate of twenty-five miles an hour, and had been anywhere in sight within twenty-five rods, it would have passed the crossing before the plaintiff could have reached it; and if the train was not in sight, it would have been the duty of the plaintiff to have looked again for the train, especially when he had an unobstructed view for sixty feet just before he crossed the rails.   In this case the jury found that the plaintiff stopped looking when he was seventy feet from the track, and was then near the right-of-way of the defendant.   The evidence of the plaintiff himself, corroborated by one of his neighbors, is that near the right-of-way beside the wagon-road was a thick clump of trees

extending for one or two rods, so dense that the train could not have been seen when looking from the road from that place. It was the only portion of the road where the brush and trees obstructed the view of the railroad track.

We believe that no man should be excused in driving upon a dangerous crossing without looking or listening for an approaching train; and if he looked from a point where he could get only a partial view of the track, not 3. Railroad cross-ing—duty in crossing. extending more than twenty-five rods from the crossing, when he was any considerable distance from it, he should have looked again when he was near it, and when he could have obtained an unobstructed view of the track. (*Durbin v. Oregon Rly. & Nav. Co.*, [Oregon,] 17 Pac. Rep. 5–9; *U. P. Rly. Co. v. Adams*, 33 Kas. 427; *Pennsylvania Rld. Co. v. Beale*, 71 Pa. St. 504; *Pence v. C. R. I. & P. Rly. Co.*, 63 Iowa, 746; *Tully v. Fitchburg Rld. Co.*, 134 Mass. 499; *Salter v. U. & B. R. Rld. Co.*, 75 N. Y. 273; *Cordell v. N. Y. C. & H. R. Rld. Co.*, 75 id. 331; *Seefel v. C. M. & St. P. Rly. Co.*, [Wis.,] 35 N. W. Rep. 278; *Gunn v. W. & M. Rly. Co.*, [Wis.,] 35 id. 281; Beach Contributory Neg., § 63; *Stepp v. C. R. I. & P. Rly. Co.*, 85 Mo. 229.)

The plaintiff claims that the negligence of the company consists in the fact that no whistle was blown at the whistling-post, a quarter of a mile from the crossing. That was negligence on the part of the railroad company, without question; 2. Negligence—care. but it is also to be determined whether the failure to blow the whistle caused the injury sustained by plaintiff. (*Railroad Co. v. Morgan*, 31 Kas. 77.) When he approached the track he did not hear the approaching train, even when it was almost upon him, owing either to his preoccupation of mind, or because his ears were muffled in his clothing. If his hearing was obstructed, it was his duty to have been more careful in looking for approaching trains. He was familiar with the crossing; knew the speed at which trains passed that place ordinarily. He knew it was about train-time, and if he attempted to drive across the track without any further effort to ascertain whether the train was com-

ing, than shown by the evidence in this case, it seems to us that he cannot be held to have used ordinary care. We do not mean that a man should be required to make nice mathematical calculations when approaching railroad crossings, yet we are of the opinion that in crossing a track he was familiar with, knowing the usual way of running trains, the curves of the road and difficulty in looking down the track, he should not be excused from failing to look or listen for an approaching train, from a point where he could either have seen or heard it. It was not simply his own safety to be considered in this matter, but the danger of derailing the train, and causing an accident that might have been more serious. Both railroad companies and the traveling public have the right to a crossing; and it is the duty of the traveler, as well as of the engineer in charge of the locomotive, to see that a crossing is free from danger when approached. While it may not be necessary for the traveler to stop and listen, yet it is his duty to use some care and caution in ascertaining whether a train is coming. If he had looked for an approaching train where he could have seen the track for any considerable distance, that would have been some proof of ordinary care.

We have no wish to limit the rule established in this state, that where the facts and circumstances are such that different men might arrive at different conclusions as to the degree of care exercised, it is then a question for the jury to determine. (*K. P. Rly. Co. v. Pointer,* 14 Kas. 37; *K. C. Rly. Co. v. Fitzsimmons,* 22 id. 686; *Osage City v. Brown,* 27 id. 74.) But where the facts are established, and the reasonable deduction to be drawn from them is strongly against the verdict of the jury, the court should hesitate to render a judgment thereon.

It is recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.