M. B. Young v. The Chicago, Rock Island & Pacific Railway Company.— C. R. Young v. Same.

### Nos. 8122, 8123.

Injury at Crossing—*Contributory Negligence—Demurrer to Evidence.* A one-horse buggy, driven by a lady, was struck by a train at a highway crossing, the horse killed, the buggy broken, and the lady injured. In an action against the railway company to recover damages for personal injuries sustained by her, she testified that she knew the train was about due, and, within a distance of 100 feet from the track, she looked and listened for it three or four times, and the last time stopped, looked, and listened; that she looked along the track to the whistling-post, 80 rods distant, but saw nothing of the train, and did not see it until struck, although the buggy top was down. The court sustained a demurrer to the evidence. *Held*, that her testimony contradicts itself, for, if she looked along the track for the train, she must be chargeable with knowledge of its coming, for it was in plain view, and the court did not err.

*Error from McPherson District Court.*
*Hon. Frank Doster, Judge.*

Affirmed.                              Opinion Filed July 11, 1896.

*Lucien Earle*, and *John D. Milliken*, for plaintiffs in error.

*M. A. Low*, and *W. F. Evans*, for defendant in error.

The opinion of the court was delivered by

Martin, C. J. : About 6 o'clock on the evening of November 6, 1890, as it was getting dark, the plaintiff, M. B. Young, a married lady of the age of 23 years, was injured at a crossing of the defendant's railway coming into McPherson. Her home was about eight miles northeast of town, and she left there near 5 o'clock, driving alone in a one-horse buggy, the top being down. The tracks of the Atchison, Topeka & Santa Fe railroad and the defendant's railroad are about 75 to 100 feet apart at this point. She testified

that she crossed the Santa Fe track and knew that the Rock Island train was about due, and when between the two tracks she looked and listened three or four times for the Rock Island train, and the last time, when about 10 or 15 feet from the track, she stopped and looked and listened for the train, but she did not see or hear it, although she saw the whistling-post on the side of the track 80 rods away. She stated that she was driving in a slow walk, not as much as three or four miles an hour, but the horse and buggy were struck by the train, although she had not seen it at all. There was evidence that no whistle was sounded or bell rung for the crossing, and that the train was running 30 to 45 miles per hour, with the headlight burning. The court sustained a demurrer to the plaintiff's evidence, upon the ground, we suppose, of the contributory negligence of the plaintiff, there having been abundant evidence to establish *prima facie* the negligence of the defendant. It is earnestly contended that the case should have been submitted to the jury as to whether or not the plaintiff was guilty of contributory negligence.

The case must be decided upon the plaintiff's own evidence, no other having been given as to what she actually did. There was a board fence five feet high between the Santa Fe and the Rock Island tracks, but this could have been no obstruction to the vision when she was within 10 or 15 feet of the Rock Island track, if, indeed, it could be any practical obstruction, from any point of view, to obscure the sight of a train. She testified that she looked along the track for a quarter of a mile to the whistling-post, but saw no train approaching. If she looked in the direction of the train, as she testifies, and saw the whistling-post, it would seem that she must have seen the train,

10—57 KAN.

and she had ample time to get across the track or to turn back before it arrived at the crossing, even if her horse was going only two miles while the train was running 45 miles per hour. No doubt the trial court was forced to the conclusion, either that she did not look and listen as the law requires, or that, having looked and listened, she saw the train, or ought to have seen it, in time to have avoided the injury. If by reason of the twilight the train itself was not visible as far as it would be at midday, still the headlight might have been seen for a long distance; but she testifies that she looked along the track and saw nothing at all. This is not a case of conflicting testimony, and we must accept the same view entertained by the court below, namely, that upon the plaintiff's own evidence she must have been guilty of contributory negligence. If several minds might reasonably arrive at different conclusions respecting the question of reasonable care of the plaintiff in crossing the track, then the case ought to have been submitted to the jury, but this is not such a case.

In *Artz v. C. R. I. & P. Rld. Co.*, 34 Iowa, 153, 159, the court says:

"It is urged by the appellee's counsel that the plaintiff testifies that he did both look and listen to see and hear the train, but did not; and that this testimony shows that he was not guilty of contributory negligence, or, at the very least, it made that a question of fact for the jury. The difficulty, however, with the position is, that the conceded or undisputed facts being true, this testimony cannot, in the very nature of things, be also true. It constitutes, therefore, no conflict."

In *C. C. C. & I. Rly. Co. v. Elliott*, 28 Ohio St. 340, 355, the court says:

"It is nothing to the purpose that he should say he looked this way and that, when the object he seeks

to discover is plainly and palpably before him, and he fails to see it.    Either his statement is not true, or his exercise of vision was such as to be not only negligent but culpable.''

In *Chicago & E. I. Rly. Co. v. Hedges, Admr.*, 118 Ind. 5, 11, the court says :

'' The law presumes that one having the ordinary sense of sight must have seen that which was within the range of his vision, if he gave attention and looked, and if he saw the train approaching and pursued his way notwithstanding, he is to be regarded as taking the risk upon himself.''

See, also, *Kelsay v. Mo. Pac. Rly. Co.*, 129 Mo. 362 ; *Roach v. St. J. & I. Rld. Co.*, 55 Kan. 654, 659, and cases cited.    In the last-named case the writer dissented, being of opinion that the question of contributory negligence should have been submitted to the jury ; but there the driver of the team was killed, and the evidence was not entirely clear as to the circumstances under which he drove upon the track.    In this case, however, we have the testimony of the plaintiff herself, from which it appears that she was guilty of negligence contributing to her own injury. No presumption arises in her favor, as in *A. T. & S. F. Rld. Co. v. Hill*, ante, p. 139.

The judgment of the district court must therefore be affirmed.


C. R. Young was the husband of M. B. Young, and the owner of the horse and buggy which she was driving.    He commenced his action to recover damages for the killing of the horse and the injury to the vehicle, and also for loss of services of his wife.    The evidence in both cases was submitted together, and the demurrer to the evidence was sustained in this

case also, and, upon the principles announced in the foregoing opinion, the judgment in this case must likewise be affirmed.

All the Justices concurring.