MARY CARLSON v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

**No. 12,913.** (71 Pac. 587.)

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge.   Opinion filed February 7, 1903.   Affirmed.

*R. J. Ingraham, Moore & Berger,* and *C. M. Ingraham,* for plaintiff in error.

*A. A. Hurd,* and *Alfred A. Scott,* for defendant in error.

*Per Curiam:* The facts of this case are conclusively determined by the findings of the jury. No new principles of law are involved, and no peculiar application of settled principles is presented.

For eleven months the deceased had been employed by the Pullman Car Company to clean carpets in the yards of

defendant in error in Argentine, during all of which time the latter had been using its tracks for the purpose of switching its cars and making up its trains, so that the deceased could not be heard to say, if alive, that he did not know or understand the constant danger of crossing the tracks.   At the time of the injury the place was brightly lighted.   The railroad company had a light on the end of the car toward the deceased, rang the bell on the engine when starting the train, and had no knowledge of the presence of the deceased on its track.   There was no wantonness whatever in its conduct, if it be conceded that it was negligent.   No obstruction to vision intervened between the deceased and the moving car, and he could have seen it for an amply sufficient distance to guard against the danger of its approach.   Instead, he encumbered himself with a heavy load which brought him to a stooping position, voluntarily obstructed his sight and hearing, and walked upon the track.   If the deceased did look he must have seen, and hence was negligent.   If he did not look, he was likewise negligent.

The case of *Railway Co. v. Moffatt*, 60 Kan. 113, 55 Pac. 837, relied on by the plaintiff in error, has no application, for the reason that the obstructions in that case were natural conditions, while in the case at bar they were self-imposed.   No presumption of care can, therefore, be indulged. From the facts found but one conclusion can be drawn, and that is that whatever the rights of the deceased to the use of the tracks may have been, and whatever the duty of the railway company toward him may have been, his own negligence was the proximate cause of his death.

The judgment of the district court is therefore affirmed.