ELIZABETH BEECH, *as Administratrix, etc., Appellant,*
v. THE MISSOURI, KANSAS & TEXAS RAILWAY COM-
PANY, *Appellee.*

No. 17,114.

SYLLABUS BY THE COURT.

1. RAILROADS—*Duty of Person Crossing Tracks—Contributory
Negligence.* A railroad track is itself a warning of danger
to an approaching traveler and it is the duty of one about
to cross, who is competent to exercise care for his own pro-
tection, to use his faculties of sight and hearing in the manner
of an ordinarily prudent person, and the omission to do so is
an omission of ordinary care which will bar a recovery for in-
juries resulting from a collision with a train, notwithstand-
ing the negligence of the . railroad company in failing to
sound a whistle eighty rods from the crossing.

2. —————— *View of Track Obstructed—Duty of Person about to
Cross Tracks to Look Again after Passing Obstruction.* The
fact that the view of one approaching a railroad track is
obstructed for a short distance requires the exercise of
greater vigilance and care on his part to learn if there is a
present danger in crossing, and it is incumbent on him to look
again when he passes the obstruction and when an oppor-
tunity exists to look and listen for an approaching train.

3. VERDICT—*General—Special Findings Inconsistent with Gen-
eral Verdict.* The presumption invoked in support of the
general verdict, that the deceased looked and listened and
otherwise exercised due care for his own safety, is overcome by
the special findings of the jury which show that if he had
looked and listened, where there was an opportunity, he must
have seen the approaching train and could have saved himself.

4. —————— *Same.* Where the general verdict of the jury is in
favor of the plaintiff but the special findings returned with
the verdict show that the plaintiff is not entitled to recover,
judgment should be entered on the special findings in favor of
the defendant.

Appeal from Neosho district court. Opinion filed
June 10, 1911. Affirmed.

*W. R. Cline,* and *J. Q. Stratton,* for the appellant.
*John Madden,* and *W. W. Brown,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This was an action by Elizabeth Beech to recover damages from the Missouri, Kansas & Texas Railway Company for the alleged negligent killing of her husband, Adam Beech, at the intersection of a highway and the railroad, about a mile southwest of Walnut, Kan.   Adam Beech was a farmer, about sixty-eight years of age, and while going home, driving a horse hitched to a buggy, at ten minutes past nine o'clock, P. M., on November 13, 1907, he was struck by a passenger train of the railway company at the crossing and was instantly killed.   The train was behind time and was traveling at the rate of fifty miles per hour when it collided with Beech.   Approaching the crossing from the southwest the train came over a hill through a cut, which was about one-half mile from the crossing, and from that point there is a downgrade of the track extending over the crossing and to the town of Walnut, a distance of about one mile and a half.   For some distance near the crossing the ground is low and the grade of the railroad is from eight to ten feet high. There is another crossing near the top of the hill, about 2600 feet from the point of the collision, where the whistle of the locomotive was sounded, but no whistle was sounded or other signal given within eighty rods of the crossing where Beech was killed.  ·

The principal ground of negligence relied on was the failure of the railroad company to give the statutory signals on approaching the crossing.  It was alleged and found that the train coasted downgrade from the top of the hill, without steam, in a comparatively noiseless manner, at the rate of fifty miles per hour.   On the other hand, it was found that the night was clear, the moon was shining and a light breeze was blowing.  The locomotive was equipped with an electric headlight, which was burning on the night in question, and anycne standing on the track could have seen the train

3200 feet from the crossing. The fill on which the track was laid near the crossing was about eight feet high, while the light on the locomotive was fourteen feet above the track. The railroad company charged that the deceased was guilty of contributory negligence in driving upon a crossing, with which he was familiar, in front of a coming train, which he either saw, or could have seen had he looked.

The jury returned a large number of special findings and a general verdict awarding damages to the plaintiff in the sum of $4000. There were findings, somewhat general in character, that the railroad company was negligent in not sounding the whistle eighty rods from the crossing and that Adam Beech was not guilty of contributory negligence. Other findings gave the conditions at the crossing, the kind of weather, the character and speed of the train, the condition and movements of Beech and how far the train could be seen from different places as a person approached the crossing. Motions were made to set aside the verdict and grant a new trial and for judgment on the special findings, and also to set aside the special findings. The court set aside the general verdict and awarded judgment in favor of the defendant on the special findings. The other motions were necessarily denied. The plaintiff alleges error, and the question presented for decision is: Do the special findings show that Adam Beech was guilty of contributory negligence?

In addition to the facts stated the jury found that Adam Beech approached the crossing at the rate of three miles per hour, driving a gentle and well-broken horse; that he had lived within three miles of the crossing for twenty-four years and during that time had been familiar with the crossing and the conditions surrounding it. His faculties of sight and hearing were good. The railroad was straight, and a person at the crossing could have seen the headlight of the engine, as it approached from the southwest, one-half of a

mile away, but there was a hedge, as well as some corn-
stalks and weeds, which, for a short distance, partially
obstructed the view of one approaching the track from
the north.   It was found that a person, when he was
twenty feet north of the track, could have seen the
light of the locomotive a distance of 3200 feet; when
he was thirty feet from the track he could have seen
the train about 2640 feet away; when forty feet from
the track he could have seen the train 1600 feet away;
when fifty feet from the track he could have seen it
480 feet away.   From that point to one about 130 feet
north the train could be seen 1800 feet away, and at 150
feet from the track the train was visible 1320 feet
away, while at 210 feet from the track it could have
been seen 1800 feet away.   When he was forty-eight
feet away he could have seen the train, but between that
point and one seventy feet back the obstructions men-
tioned interfered with the view.   A fill was made on the
highway in order to cross the track, which was from
eight to ten feet above the level at that point.   The
length of this fill or grade was not found by the jury,
but in plaintiff's petition it is alleged to be forty feet
long and the jury found it to be twenty feet wide.

While the general verdict and some conclusions
drawn by the jury are to the effect that the deceased
was free from contributory negligence, the ultimate
facts found show that if he had exercised the care for
his protection which the law requires, and had used
his faculties of sight and hearing before going upon
the crossing, he could have seen and averted the danger
and collision.   There was nothing to prevent his seeing
the coming train when he was forty-eight feet from
the track.   No one saw what his action was at this
point, but the night was clear, his horse was gentle, he
was familiar with the crossing, his sight and hearing
were good, and if he took the precaution to look he
necessarily saw the train when he went upon the track
and if he failed to look and ventured blindly onto the

track in front of the train he failed to exercise due care. It was decided in *U. P. Rly. Co. v. Adams*, 33 Kan. 427, that:

"It is the duty of a person about to cross a railroad track to make a viligant use of his senses as far as there is an opportunity, in order to ascertain whether there is a present danger in crossing. A failure to listen, or look, when by taking this precaution the injury might have been avoided, is negligence that will bar a recovery, notwithstanding the negligence of the railroad company in failing to give signals contributed to the injury." (Syl. ¶ 2.)

A railroad track is itself a warning of danger to all who go upon it, and one about to cross should look and listen for a train before attempting to cross and an omission to do so is an omission of ordinary care which will defeat a recovery. (*Railway Co. v. Wheeler*, 80 Kan. 187.) The deceased was familiar with the crossing and necessarily recognized it and the attending risk in passing over it. While there was a short distance of the approach in which his view was obstructed, that fact required greater care and vigilance on his part and it was incumbent on him to look again when he passed the obstruction and reached a point where he could have obtained a clearer view of the track. (*A. T. & S. F. Rld. Co. v. Townsend*, 39 Kan. 115; *A. T. & S. F. Rld. Co. v. Hague*, 54 Kan. 284; *C. R. I. & P. Rly. Co. v. Williams*, 56 Kan. 333; *Railroad Co. v. Holland*, 60 Kan. 209; *Railway Co. v. Wheeler*, 80 Kan. 187; *Johnson v. Railroad Co.*, 80 Kan 456.)

When the deceased passed the obstruction he was on level ground, forty-eight feet from the track, and the lights of the train were in plain view. If he was giving attention to his situation when he was forty feet from the track the danger of proceeding must have been apparent and there was ample opportunity to protect himself. Even when thirty feet from the track, and the glare of the headlight was upon him,

there was still an opportunity to save himself although he was then on a high grade and there was, more or less risk of injury in turning aside. · But, even at that point, ordinary prudence required that he stop on the approach and turn aside or back off rather than run a race with the engine. It is said that there is nothing here to show that the deceased did not look and listen when he went upon the track, but the detailed findings show that if he had looked and listened when he should he would have seen the train and the danger of crossing. In *Young v. Railway Co.*, 57 Kan. 144, the person injured at a crossing stated that she did look and listen for a coming train and saw none, but as there was nothing to prevent her seeing the train if she had looked the court held, as a matter of law, that she was guilty of contributory negligence, on the theory either that she did not look and listen, as the law requires, or, if she did look and listen, she must have seen the train in time to have avoided the collision. It is said that the presumption is that the deceased looked and listened and otherwise exercised due care for his safety, but this presumption is overcome by the findings which disclose that if he had looked and listened, where there was opportunity, he must have seen the approaching train. (*Bressler v. Railway Co.*, 74 Kan. 256; *Rollins v. Chicago, M. & St. P. Ry. Co.*, 139 Fed. 639.) The duty of the traveler to look and listen is absolute where an opportunity exists, and as has already been suggested:

"It is not enough for a traveler to look where a train can not be seen or to listen when it can not be heard. Nor will it suffice that one has looked some distance away from the crossing when a view on a closer approach would have revealed the danger." (*Railway Co. v. Wheeler*, 80 Kan. 187, 191.)

Some of the findings in regard to what was done or seen by the deceased as he approached the crossing are based on presumption alone, as there was no eye-

witness to what occurred until the engineer saw him come onto the track just as the train reached the crossing. Although other persons, who were farther away from the train, heard the whistle sounded at the hill crossing, which was half a mile from the one where the collision occurred, and also heard the rumble and noise of the train as it approached, it must be assumed that defendant failed to give the statutory signal eighty rods from the crossing and that it was guilty of negligence, but on the facts found by the jury there was nothing to prevent the deceased from seeing the approaching train and saving himself from injury. As we have seen, it is an unbending rule of law that if one competent to exercise care for his own protection goes upon a track in front of an approaching train without looking or listening it is contributory negligence. One who sees a closely approaching train and drives onto the crossing in an attempt to pass over ahead of the train is likewise guilty of contributory negligence that will bar a recovery for the injury and loss resulting from the collision.

The ultimate facts specially found by the jury must prevail over the general findings, and our conclusion is that the special findings justified the decision of the trial court awarding judgment for defendant.

The judgment is affirmed.