JOHN CRANE, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY et al. (THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant*).

No. 17,412.

SYLLABUS BY THE COURT.

1. CONTRIBUTORY NEGLIGENCE — *Stepping in Front of Moving Cars.* It is contributory negligence which precludes a recovery of damages for an injury sustained by a traveler at a railroad crossing in a collision with a train of moving cars where he stepped in front of the moving cars that he saw or where there was nothing to prevent him from observing his danger and avoiding the injury if he had looked.

2. SPECIAL FINDINGS—*Show Want of Care—Judgment.* The special findings of the jury show that the injury sustained by the traveler was due to his own want of care, and hence the general verdict must be set aside and judgment given for appellant.

Appeal from Wyandotte court of common pleas. Opinion filed May 10, 1913. Reversed.

*W. P. Waggener,* of Atchison, and *McCabe Moore,* of Kansas City, for the appellant.

*David F. Carson,* and *D. E. Henderson,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: John Crane was struck by a moving car at a street crossing and he brought this action against the Missouri Pacific Railway Company in which he recovered $1000 as damages for injuries sustained. Appellant's railway occupies a part of First or Wood street, and near the intersection of First street and Central avenue a switch is located, the switch track lying east of the main track. It appears that Crane was walking westward on Central avenue, and when he reached First street he claims to have looked but saw no indications that cars were moving. However, cars were being moved on the track as an engine gave a string of five cars a start towards Central avenue, after which it was uncoupled and the string of cars were thrown over onto the switch track and were permitted to run down that track over Central avenue of their own momentum. When Crane was approaching the switch track he could have seen cars at a distance of two blocks, and when he reached that track the cars were approaching the crossing at a rate of about four miles an hour. When he stepped upon the track the cars were within twenty feet of the crossing.

It was alleged that the company had failed to have a person on the front end of the moving cars to manage or control their movement, but it appeared that there was a brakeman on the hind end of the front car, and it was also claimed that it had no watchman or other person to warn or notify Crane of the approach of the cars. The company alleged and contended that, granting there was negligence on the part of those in charge of the cars, the collision and injury resulted from Crane's own negligence and that, therefore, it could

not be held liable for the injury. Special questions were submitted to the jury and answers were returned to the effect that the accident occurred at ten o'clock in the forenoon, that the string of cars moved about two hundred feet after the engine was uncoupled from them before they struck Crane, that when he was within fifteen or twenty feet from the switch track he could have seen the approaching cars a distance of one hundred feet, and when from three to ten feet from the track he could have seen them when they were about fifty to seventy-five feet from him, and that the cars were only fifteen or twenty feet from him when he stepped from a place of safety in front of the approaching cars. There were express findings that there was no obstruction of his view and that he could have seen the cars if he had looked and that he did look in the direction from which the cars were coming.

Proceeding on the theory that there was negligence on the part of those handling the cars it is clear that Crane's want of care contributed to the injury and is such negligence as bars a recovery. It is not claimed that the injury was wantonly or willfully inflicted, and there is no reason, in either the testimony or findings, why the rule of contributory negligence should not be applied. When Crane approached the crossing it devolved upon him to make reasonable use of his senses to ascertain if he could safely proceed over the crossing. The cars were then moving towards him in broad daylight and there was no obstruction to his view nor anything to prevent his seeing their approach. They were coming at the moderate rate of speed of four miles an hour, which was about the rate that he was moving. If he had looked when he reached First street he could have seen the cars approaching without difficulty, and when he was ten feet from the track and they were only fifty feet away from him their approach must have been very manifest to any observer with the sense of sight, and when he was within three

feet of the track the cars were then almost upon him. It is possible that he might have been mistaken as to whether the cars were moving when they were two hundred or even one hundred feet away, but there is no reason why he should have been mistaken about the movement of cars that were only twenty feet from him.  At that time he was in a place of safety but he recklessly ventured to step in front of the moving cars. He may have thought he was moving faster than the cars and could, therefore, effect a crossing in front of them.  In his race with the cars he lost.  He testified that he did not observe that the cars were moving, but the jury have found that he could have seen that they were approaching if he had looked and have also found that in fact he did look, and there being no defect in his vision the inference is irresistible that he did see that the cars were approaching and that at the time he looked they were only twenty feet away.  (*Young v. Railway Co.*, 57 Kan. 144, 45 Pac. 583.)  Notwithstanding the information that was certainly given him by his eyes and ears he stepped directly in front of the moving cars, and this gross negligence on his part contributed directly to his injury and precludes a recovery.  (*A. T. & S. F. Rld. Co. v. Priest*, 50 Kan. 16, 31 Pac. 674; *Roach v. St. J. & I. Rld. Co.*, 55 Kan. 654, 41 Pac. 694; *Railroad Co. v. Holland*, 60 Kan. 209, 56 Pac. 6; *Beech v. Railway Co.*, 85 Kan. 90, 116 Pac. 213; *Coleman v. Railway Co.*, 87 Kan. 190, 123 Pac. 756.)

The judgment of the district court will be reversed and the cause remanded with directions to enter judgment on the special findings in favor of appellant.