No. 18,605.

EDITH MORGAN, *Appellant*, v. THE UNION PACIFIC
RAILROAD COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

DEATH—*Moving Cars—Contributory Negligence—Conclusively
Established*. In this case the plaintiff's evidence is held to
have established such want of care on the part of the de-
ceased, in stepping in front of a train of moving cars, as to
preclude a recovery of damages, and therefore a demurrer
to the evidence was rightly sustained.

Appeal from Riley district court; SAM KIMBLE,
judge. Opinion filed February 7, 1914. Affirmed.

*C. B. Daughters*, and *A. M. Story*, both of Manhat-
tan, for the appellant.

*R. W. Blair*, *C. A. Magaw*, and *T. M. Lillard*, all of
Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In an action against the railroad com-
pany to recover for the death of plaintiff's husband,
the court sustained a demurrer to her evidence, from
which judgment she appeals.

The defendant's main tracks run north and south
through the city of Manhattan, and cross Colorado
avenue, which runs east and west. Morgan, the de-
ceased, was in the employ of a milling company, and
about seven o'clock on the morning of the accident left
the freight depot on the west side of the tracks and
started to cross to the east side to examine a freight
car on a sidetrack in the yards, to which he had
been directed by the agent of defendant. A freight
train was on the first track, headed north. He stopped
and waited for this train to pull out. Another freight
train had been standing on the track east of this,
headed in the same direction, but it had been divided

at the crossing of Colorado avenue, and the front section had pulled some distance to the north. The freight train on the first track, by which Morgan was standing, left for the north, and he crossed that track and walked in a southeasterly direction. The forward part of the divided train in the meantime was backing south, the train moving about as fast as a man or a horse could walk. Plaintiff's witnesses testified that Morgan walked south along the end of this moving train for a little distance, and then, as it seemed to some of them, he stepped around the end of the train, when he fell and was run over. Persons who were looking directly at him testified that they thought he fell before the trucks of the car struck him, and that he had his hand on the rear car as he walked south alongside of it, and they thought that he attempted to step around the end of the car to get to the east side. One witness called to another person near by and said, "There is a man going to get killed." At the street crossing, which was about sixty feet distant from where he fell, the company had divided the train and stationed a watchman. The train which ran over the deceased was the one he had been walking at the side of, and according to some of the witnesses, he had his hand on the car as he walked along. We think the evidence showed such negligence on the part of the deceased as prevents a recovery. Apparently he must have thought that, at the speed the train was moving, he could safely step around the end of the car, and some misstep caused him to fall. The negligence of the defendant which plaintiff relied upon was the failure to give any signal of the movement of the train; but from the evidence the deceased must have known that the train was moving, for he followed alongside of it for some distance, so that the failure to sound the whistle or ring the bell could not have been the proximate cause of the injury. (See *Crane v. Rail-*

32—91 KAN.

*way Co.*, 89 Kan. 472, 131 Pac. 1188, and cases cited in the opinion.)

There was evidence that the freight train that had stood on the first track had left a few cinders and ashes which were sending up some smoke; and plaintiff contends that it was a question for the jury to determine whether this did not prevent the deceased from seeing that the train was moving. Of course, if the smoke obscured his vision so that he could not have seen there was a train on that track, or that it was moving, it would have been his duty to wait until he could discover the true situation by looking. (*Railway Co. v. Wheeler*, 80 Kan. 187, 101 Pac. 1001; *Gage v. Railway Co.*, ante, p. 253, 137 Pac. 938.)

The judgment is affirmed.