No. 21,667.

ARTHUR F. ATKINSON, *Appellee,* v. JAMES W. LUSK et al., as Receivers of The St. Louis & San Francisco Railway Company, *Appellants.*

### SYLLABUS BY THE COURT.

RAILROAD CROSSING—*Collision—Personal Injuries—Contributory Negligence.* A person approaching a railroad crossing in a horse-drawn vehicle at a moderate speed, who is injured as the result of his attempt to cross in front of an approaching motor car which he is prevented by obstructions from seeing until he is within twenty feet of the track, but which is visible to him from that time on, is chargeable as a matter of law with contributory negligence. The ordinary rule is not affected by the fact that the motor car is lower than a locomotive, a passenger car or a box car, so long as it is high enough to be seen.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed July 6, 1918. Reversed.

*R. R. Vermilion,* and *W. F. Lilleston,* both of Wichita, for the appellants; *W. F. Evans,* of St. Louis, Mo., of counsel.

*C. A. McNeill,* of Columbus, for the appellee.

The opinion of the court was delivered by

MASON, J.: Arthur F. Atkinson, while attempting to cross the track of the Frisco railroad with a horse and wagon, received injuries as the result of a collision with a flat car, pushed by a gasoline motor car, on account of which he recovered a judgment against the receivers of the company. The defendants appeal.

The petition alleged that as the plaintiff approached the track his view was obstructed from the time he was within fifty yards of it until the distance was reduced to about thirty feet. The jury found that the defendants' employees were negligent in running too fast and in failing to give proper warning. They also undertook to acquit the plaintiff of any negligence, but they found specifically that after he had reached a point twenty feet from the track there was nothing to prevent his seeing the approaching motor car if he had looked. Inasmuch as from the time the plaintiff was within

150 feet of the railroad until he was within fifty feet of it he was prevented by obstructions from seeing whether the track was clear, it was his duty to look for an approaching car after emerging from this obstructed zone and before attempting to cross. (*Beech v. Railway Co.*, 85 Kan. 90, 116 Pac. 213.) If he failed to do so, he was guilty of contributory negligence as a matter of law and thereby precluded from recovery. If he did look, he necessarily saw the motor car coming, and his failure to stop was an equally effective barrier. The rule is too familiar to require the additional citation of authorities.

The plaintiff testified that when he was ten or eleven feet from the first rail he almost stopped, and looked as far down the track as he could see on account of the obstructions and saw nothing. The jury evidently did not give credit to this, for the finding already referred to negatives the existence of any obstructions to vision between him and the motor car after he was within twenty feet of the track. That the plaintiff had abundant opportunity to see the motor car in time to prevent the collision was emphasized by other findings, establishing these facts: When the plaintiff was 30 feet from the track his view of the approaching motor car was obstructed by freight cars on another track, but he could see along the track for a distance of 210 feet, a range which obviously would increase as he advanced. The motor car as it came around a curve was going 15 or 16 miles an hour. At a distance of 90 feet from the point of accident the brakes were applied. At a distance of 40 feet the speed had been reduced to 9 or 10 miles.

It is suggested that the ordinary rule does not apply, because of the character of the motor car and the car it was pushing, in that they were not nearly so high as a locomotive, passenger car or box car. We think the distinction is without effect here. The plaintiff was bound to keep an outlook for whatever vehicle might be approaching on the track, and the cars were not low enough to prevent their being seen, for the jury specifically found that at 20 feet there was nothing to obstruct his view of them.

The judgment is reversed and the cause remanded with directions to render judgment for the defendants.