No. 22,671.

FRONA GAFFNEY, *Appellant,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. CONTRIBUTORY NEGLIGENCE—*Foreman Killed by Stepping in Front of Moving Train—Failure to Look.* An engine foreman having full enjoyment of his faculties of seeing and hearing, in walking in railroad yards, where there were many tracks over which trains and cars were frequently passing, stepped in front of an approaching train that could have been seen by him without difficulty if he had looked, is held to have been guilty of such contributory negligence as bars recovery although the railway company was itself negligent in the running of the train.

2. SAME—*Failure to Look for Approaching Train—Presumptions.* The evidence did not disclose whether the engine foreman looked in the direction from which the train was coming before going upon the railroad track, but as it was his duty to look before putting himself in a place of danger, and as he had the capacity and opportunity to see, it must be presumed that he did see that which was obvious and patent.

3. SAME—*No Inference of Due Care from the Evidence.* The presumption arising from the love of life and instinct of self-preservation, that one encountering a peril exercised due care, cannot be indulged in this case where the plaintiff's own evidence was such as to overthrow the presumption.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed October 9, 1920. Affirmed.

*John W. Adams, Thomas C. Wilson, P. D. Gardiner, Gene Madaline, William J. Wertz,* and *George K. Skidmore,* all of Wichita, for the appellant.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: John J. Gaffney was struck by a motor car of the defendant in the railroad yards at Wichita, and from the injuries suffered he died. His widow brought this action alleging that his injuries and death were the result of defendant's negligence in running the motor car at an excessive rate

Gaffney v. Railway Co.

of speed; a failure to give proper warnings of its approach and also in failing to slacken the speed after discovering that he was in a position of danger. The defendant's answer was a general denial and an averment that the death of Gaffney was the result of his contributory negligence in recklessly stepping upon the track in front of a moving train without looking or listening or taking any precautions for his own safety. Upon the conclusion of plaintiff's evidence, the defendant's demurrer thereto was sustained and of this ruling complaint is made.

We may assume, as counsel have done, that the negligence alleged against the defendant was established, and the only question left for decision is: Did the evidence of plaintiff show contributory negligence of Gaffney, which barred a recovery? He was foreman of a switch crew of the Kansas City, Mexico & Orient Railway company, which had a track across the tracks of the defendant near the place of the accident. At that point there is a tower-house and the person in charge of it controls the movement of trains and cars in that part of the yard. When Gaffney ran his train up to this crossing he stopped to await permission to cross and also to place in or receive from an interchange box near defendant's tracks, slips or orders for the transfer of cars from one railroad to another. It appears that he left his engine and started forward to the interchange box, and in doing so had to pass over and across the tracks of the defendant. The accident occurred about 7 p. m. on a cloudy November night, and darkness had come. He was carrying a lantern and while going along or across the track he was struck by the motor car which was traveling at an estimated speed of thirty miles an hour. There was a rule of the terminal company which had control of the yards, limiting the speed of trains in the yards to fifteen miles per hour. The motor car of defendant had a headlight and that part of the car back of the motor in which passengers sat was also lighted. One witness said that there were no obstructions on the track of the defendant in the direction from which the train was coming for a mile south of the crossing and the headlight could have been seen for that distance, but that probably a person could not have told that it was a headlight on an approaching train at that distance. Another said it could only have been seen about a quarter of a mile. A witness for the plaintiff, who was one of

the crew waiting for a signal from the tower saw Gaffney going toward the interchange box and at the same time saw the headlight of the approaching motor car when it was 500 feet from the crossing and doubtless it was equally observable to anyone who was near the tracks and looking in that direction. We are forced to the conclusion that in stepping in front of the moving motor car without taking precautions for his safety Gaffney was guilty of contributory negligence. It is said that the night was dark and also that the headlight was not as bright as some other headlights or as it would have been on other nights, but plaintiff's testimony shows beyond question that it could have been seen without difficulty if he had looked for the approaching car. There was no direct evidence that he did look in the direction from which the car was coming just before he stepped upon the track, but it was his duty to look before he put himself in a place of known danger, and if he had looked he certainly would have discovered the peril of going upon the track. It must be presumed that one having the capacity to see must have seen that which was within the range of his vision. (*Young v. Railway Co.*, 57 Kan. 144, 45 Pac. 583.) Under such circumstances one who can see and learn of the danger if he looks, is held to have knowledge of the danger even if he does not look. Ignorance of an obvious and discoverable danger is no excuse as to one having the full enjoyment of his faculties of seeing and hearing, who recklessly steps upon a railroad track in front of a moving train. Gaffney was well acquainted with the yards and the perils of passing over the tracks. He knew that trains and cars were continually moving backwards and forwards over the tracks. He had experience as well as the capacity to understand the perils to be encountered in the yards, and under the circumstances must be held to have had knowledge of the dangers that were so obvious and patent. The failure of a person to take precautions for his own safety in such a place bars a recovery for injuries that he should have anticipated and avoided.

In *Limb v. Railroad Co.*, 73 Kan. 220, 84 Pac. 136, it was said:

"It has been frequently decided by this court that persons may not recklessly place themselves in a place of danger and then recover damages because of injuries received thereby." (p. 223.)

Howard v. Bank.

Other cases having application to this one are: *U. P. Rly. Co. v. Adams,* 33 Kan. 427, 6 Pac. 529; *A. T. & S. F. Rld. Co. v. Priest,* 50 Kan. 16, 31 Pac. 674; *Libbey v. A. T. & S. F. Rly. Co.,* 69 Kan. 869, 77 Pac. 541; *Railroad Co. v. McMinn,* 72 Kan. 681, 84 Pac. 134; *Dyerson v. Railroad Co.,* 74 Kan. 528, 87 Pac. 680; *Himmelwright v. Baker,* 82 Kan. 569, 109 Pac. 178; *Crane v. Railway Co.,* 89 Kan. 472, 131 Pac. 1188.

It is said that since no witness testified as to whether or not Gaffney looked for an approaching car, that love of life, the instinct of self-preservation and the known disposition of men to avoid injury, give rise to the presumption that he exercised due care. This presumption, however, was overthrown by plaintiff's own evidence and therefore cannot be indulged. (*Dewald v. K. C., Ft. S. & G. Rld. Co.,* 44 Kan. 586, 24 Pac. 1101; *Carlson v. A. T. & S. F. Rly. Co.,* 66 Kan. 768, 71 Pac. 587.)

Finding no error in the record, the judgment is affirmed.