No. 22,971.

JOSEPH S. JOHNSON, *Appellant,* v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Injury at Railroad Crossing—Contributory Negligence of Automobile Driver.* The proceedings examined, and *held,* the driver of an automobile on a public highway, whose view was obstructed, was guilty of negligence as a matter of law in driving on a railroad crossing in front of an approaching motorized hand car.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed February 11, 1922. Affirmed.

*Frank M. Sheridan,* and *Bernard L. Sheridan,* both of Paola, for the appellant.

*W. W. Brown, O. T. Atherton,* both of Parsons, and *R. E. Coughlin,* of Paola, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for injury to person and property resulting from a collision between the plaintiff's automobile and a motorized hand car moving on the defendant's track. A demurrer to the plaintiff's evidence was sustained, and he appeals.

The accident occurred at a highway crossing, with which the plaintiff was familiar. The railroad track extends northward and southward from the crossing, and the plaintiff was traveling eastward. As he approached the crossing, his view toward the north was obstructed by an embankment, and then by a wing fence and vegetation growing on the highway and railroad right of way. He reduced speed to three or four miles per hour and, as his automobile was very nearly on the track, was within something like three or four feet of the west rail, or was possibly on the rail, he saw the car. He was so close he could not stop his automobile without getting on the track. The car was approaching from the north, was 75 or 80 feet away, and was running at a rate of 40 or 50 miles per hour. The plaintiff was looking to see if anything was coming, and he had ability to stop his automobile within three or four feet.

The case is a very simple one. Conceding the defendant was negligent, the plaintiff was guilty of contributory negligence, and the demurrer to his evidence was properly sustained. The principles have been stated so often and so recently, it is not necessary to do so again. Automobile drivers who are too willful to suffer the

slight inconvenience which reasonable precaution in view of great danger necessitates, must abide the consequences.

The plaintiff insists an exception should be made in the matter of looking out for motor hand cars. Such cars are in general use, they are effective appliances in the service which railroads render to the public, their presence may be expected at any time and at any place, and automobile drivers approaching a railroad crossing must act accordingly. (*Atkinson v. Railway Co.*, 103 Kan. 446, 173 Pac. 914.)

The plaintiff invokes the doctrine of last clear chance. There was no evidence making that doctrine applicable. The operator of the motor car testified he saw the plaintiff's automobile when it was 20 feet from the track. He applied his brakes, and did all he could to avert the accident. A witness, who was riding on the motor car at the time of the accident, was examined in reference to application of brakes to the car. He had never handled such a car, and could give no opinion respecting the distance in which one might be brought to a stop. There was no other evidence on which to base the conclusion that in this instance the car could have been stopped after the operator saw the automobile and before the collision. If there had been, the requirements of the doctrine of last clear chance would not have been fulfilled.

Some complaint is made of rulings relating to evidence. Objection was properly sustained to two questions propounded to the plaintiff relating to his anticipation of danger. Two rulings relating to a subject bearing on the defendant's negligence are not of consequence, because the plaintiff's contributory negligence bars recovery. Other matters complained of are unimportant.

The judgment of the district court is affirmed.