GINA LIABRAATEN v. MINNEAPOLIS, ST. PAUL & SAULT STE.
MARIE RAILWAY COMPANY.[1]

July 31, 1908.

Nos. 15,696—(205).

**Railroad Crossing.**

Howe v. Minneapolis, St. P. & S. S. M. Ry. Co., 62 Minn. 71, to the effect that the rule requiring a person, before crossing a railroad track, to look and listen for approaching trains, is not applicable in all its force to a passenger in a vehicle, who has no control over the driver or his management of the team, followed and applied.

**Same—Duty to Look and Listen.**

The mere fact that a passenger in such a vehicle could, had he looked or listened, have noticed an approaching train, is not conclusive that he was guilty of negligence in failing to do so.

**Same.**

Evidence examined, and *held* sufficient to justify the jury in finding negligence on the part of defendant, and, further, that the record presents no reversible error.

[1]Reported in 117 N. W. 423.

Action in the district court for Stearns county to recover $15,000 for personal injuries. The case was tried before Taylor, J., and a jury which rendered a verdict in favor of plaintiff for $9,500. Pursuant to an order granting a motion for a new trial, unless plaintiff should consent that the verdict be reduced to $7,500, plaintiff filed such consent. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Reynolds & Roeser* and *A. H. Bright*, for appellant.

*Stewart & Brower*, for respondent.

BROWN, J.

Action for personal injuries, in which plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or for a new trial.

The facts, briefly stated, are as follows: Plaintiff, an unmarried woman of the age of twenty three years, resided about three miles from the village of Brooten, Stearns county, through which village extends a line of defendant's railroad. She had resided in this vicinity for a number of years, and was a frequent visitor to the village, in going and returning to which it was necessary to pass over defendant's railroad tracks. On the night of the injury here complained of she accompanied her father, a man of mature years, to Brooten to attend church. They came to town in a buggy drawn by a single horse, driven by and under the control of the father. At the conclusion of church services they started for home in the same vehicle, the horse driven and controlled as before by the father. Their route, as already mentioned, took them, both going and returning, across the railroad track as it extended over Central avenue in the village. When they reached the railroad track, and were crossing it, a train operated by defendant collided with them, demolishing the buggy, killing the father, and seriously injuring plaintiff.

This action was brought to recover for her injuries, on the claim that they were caused by the actionable negligence of defendant. She charged in her complaint that defendant was negligent because (1) of the excessive speed of the train; (2) the failure of defendant's employees in charge thereof to give the customary signals of its ap-

proach; and (3) the failure of defendant to construct and maintain gates or guards at the street intersection. The defense, in addition to controverting the allegations as to the nature and character of plaintiff's injuries and a denial of negligence on the part of defendant, was that plaintiff was guilty of contributory negligence and could not recover. All the issues presented by the pleadings were submitted to the jury, and a verdict returned in plaintiff's favor for $9,500, which the trial court ordered reduced to $7,500.

Several questions are presented by the assignments of error, which we will consider in the order stated in the briefs.

1. Defendant at the trial requested the court to direct a verdict in its favor on the ground that there was no evidence sufficient to take the question of its negligence to the jury. A refusal of this request is assigned as error. We discover no error in this ruling. Brooten, the place of the accident, is a small village of about four hundred population, and the railroad track extends over its main street at grade and at an angle of about forty degrees. The accident occurred at about nine o'clock in the evening, and, the day being Sunday, there were perhaps few people upon its streets. But the evidence shows that the crossing, by reason of the situation of buildings and surroundings, is a dangerous one, requiring on the part of the railway company, as well as on the part of the pedestrians, care commensurate with the situation to avoid accidents. The evidence further shows that defendant's train, its fast Winnipeg express, was running at the time of the accident between fifty and sixty miles an hour, and that the usual signal of its approach by ringing the bell of the engine was not given.

While we should not feel justified in holding that the operation of defendant's train through a village of the population of Brooten at the rate of speed referred to constitutes negligence as a matter of law, still the speed of the train, coupled with the failure to ring the bell of the engine, was sufficient to justify the jury in declaring a failure on the part of defendant to exercise a proper degree of care for the safety of the traveling public, notwithstanding the undisputed fact that the engine was equipped with an unusually brilliant headlight. The court was therefore justified in submitting the question to them. Cot-

ton v. Willmar & S. F. Ry. Co., 99 Minn. 366, 109 N. W. 835, 8 L. R. A. (N. S.) 643, 116 Am. St. 422.

2. The principal question discussed by counsel for defendant, both in the brief and on the oral argument, is the claim that plaintiff was guilty of contributory negligence. A careful examination of the evidence presented in the record, in the light of the previous decisions of the court in similar cases, leads to the conclusion that the verdict of the jury on this branch of the case cannot be disturbed. The argument in support of the theory that plaintiff was guilty of contributory negligence is based upon the rule stated in Cunningham v. City of Thief River Falls, 84 Minn. 21, 86 N. W. 763, and again in Cotton v. Willmar & S. F. Ry. Co., 99 Minn. 366, 109 N. W. 835, 8 L. R. A. (N. S.) 643, 116 Am. St. 422, that a person situated as plaintiff was on this occasion, riding in a vehicle as the guest of another, who is the owner and driver, is, notwithstanding he may in a measure rely upon the driver to avoid accidents, nevertheless required to exercise a proper degree of care for his own safety, and that any negligence on his part, irrespective of the negligence of the driver, which contributes to bring an injury upon him, precludes recovery. The evidence does not bring the case within this rule, but does bring it within the case of Howe v. Minneapolis, St. P. & S. S. M. Ry. Co., 62 Minn. 71, 64 N. W. 102, 30 L. R. A. 684, 54 Am. St. 616.

For a correct understanding of defendant's position a further statement of facts is necessary. Central avenue, in the village of Brooten, as already stated, crosses the railroad track at an angle of about forty degrees. The avenue runs in a northwesterly and southeasterly direction, and the track extends east and west through the village. The train in question was approaching from the east, and plaintiff was going in a northwesterly direction, so that the train was at her right. The right side of the street from the church building to the railroad right of way is entirely occupied with buildings, and the view of the railroad track from that direction is thereby completely obstructed. From this point the depot and elevator buildings and a number of cars standing on a side track to the east obstructed the view until plaintiff's vehicle was within thirty five feet from the main track. At that point there was a clear view of the track past the depot in an easterly direc-

tion for about six hundred feet. So that if plaintiff or her father, as they approached the track, had then looked to the east, they would have noticed the approaching train; the engine being equipped with a very powerful headlight.

Defendant established this situation by reasonably clear evidence, and the only claim made in behalf of plaintiff in refutation of the contention that she could have seen the train, had she looked at the point stated, is that there were obstacles in the form of boxes and trucks for the carrying of baggage upon the depot platform which further obstructed the view. There is no evidence in the record that the father looked for an approaching train before driving upon the track, and it is reasonably clear that, if he had looked, he would have seen the train. Nor is there any evidence that plaintiff looked or listened, or made any effort to cause her father to do so. She testified on the trial that, in reference to the accident and all matters happening from the time she left the church up to about three days after the accident, her mind was a blank; that she had no recollection of any event occurring between those dates, and could not say what efforts she or her father made for their safety. Defendant offered no evidence tending to show the contributory negligence of plaintiff, save that she could have seen the train, had she looked at the point thirty five feet from the main track; and it is urged that this was sufficient and cast upon her the burden to free herself from the charge of failing to exercise proper care for her safety. In this we are unable to concur. The facts bring the question within the rule of the Howe case, which we follow and apply. The negligence of the father is not imputed to her, and she had the right, there being no suggestion that he was not a competent driver, to rely in a measure upon him to avoid coming into collision with the train as they passed upon the railroad track.

We can do no better in disposing of this branch of the case than to quote from Judge Mitchell's opinion in the case referred to, where this precise situation was under consideration, except that in the Howe case the view of the track at a point one hundred seventy feet therefrom was clear and unobstructed for a distance of fifteen hundred feet or more. In the case at bar the view of the track was wholly obstructed until within thirty five feet distant therefrom. In the Howe case it was said:

"We think that it would hardly occur to a man of ordinary prudence, when riding as a passenger with a competent driver, who he had no reason to suppose was neglecting his duty, that he was required, when approaching a railway crossing, to exercise the same degree of vigilance in looking and listening for approaching trains that he would if he himself had the control and management of the team. And our conclusion is that a court cannot hold, as a matter of law, that a passenger having no control over the team or its management is guilty of negligence merely because he does not exercise the same degree of vigilance in 'looking and listening' on approaching a railroad crossing which is required of the one having the control and management of the team. It is a matter of common knowledge that under ordinary circumstances passengers do largely rely on the driver, who has exclusive control and management of the team, exercising the required care when approaching a railway crossing, and we do not think that the courts are justified in adopting a hard and fast rule that they are guilty of negligence in doing so. Every case must depend largely upon its own particular facts."

The fact that plaintiff was familiar with the location and her surroundings does not change the rule. In order to charge a person situated as plaintiff was with contributory negligence, something more than ability to see an approaching danger and a failure to look must, within the Howe case, be shown. What will constitute negligence in such a case, as a matter of law, we need not determine. Each case must stand on its own facts. That the question was proper for the consideration of the jury is also sustained by the following cases: Johnson v. St. Paul City Ry. Co., 67 Minn. 260, 69 N. W. 900, 36 L. R. A. 586; Finley v. Chicago, M. & St. P. Ry. Co., 71 Minn. 471, 74 N. W. 174, Lammers v. Great Northern Ry. Co., 82 Minn. 120, 84 N. W. 728.

3. A number of assignments of error challenge the correctness of certain rulings of the court in the admission of evidence. We have examined them with care, and find no prejudicial error. The same may be said with reference to exceptions to the charge of the court and the refusal of some of defendant's special requests. The charge as a whole was fair and complete, and covered all questions presented by the evidence. The special requests were, so far as proper, fully

covered, and there was no error in the refusal separately to give them to the jury.

4. It is also urged that the damages are excessive, and that a new trial should be awarded for that reason. The jury awarded $9,500, which the trial court ordered reduced to $7,500. Our conclusion on this branch of the case sustains the action of the trial court. We are always more or less embarrassed by questions of this kind. We are presented with the cold record, with no opportunity of judging the credibility of expert witnesses by their presence and personal demeanor, nor of observing from the appearance of the injured party the real .nature of the injuries complained of, and we must, necessarily, rely largely upon the opinion of the trial court. The fact that in the case at bar an able, fair, and conservative trial judge has declared that in his opinion the sum of $7,500 is not disproportionate to the injuries plaintiff received removes whatever doubts a careful reading of the evidence may have created in our minds.

Order affirmed.