No. 29,940.

W. M. G. Howse, *Appellee,* v. W. H. Weinrich, *Appellant.*

(298 Pac. 766.)

Opinion filed May 9, 1931.

*A. M. Ebright, Allen B. Burch, J. B. Patterson* and *P. K. Smith,* all of Wichita, for the appellant.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, George C. Spradling* and *Henry V. Gott,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a guest for damages for injuries sustained in an automobile accident occasioned by the fault of his host. A demurrer to the petition was sustained in part and overruled in part, and both parties appeal.

Defendant invited plaintiff to ride in defendant's automobile from Wellington, Kan., to Alva, Okla. The journey was begun, and defendant drove the car in a careful manner and at a reasonable rate of speed. Relying on continued careful operation of the car, plaintiff permitted himself to fall asleep, and continued to sleep until the accident occurred. After plaintiff fell asleep, defendant, knowing plaintiff was asleep, increased the speed of the automobile. At a place between Wellington and Anthony there is a steep incline. At the foot of the incline is a culvert with an upright concrete guard wall at each end. The tire casing of the left rear wheel of the automobile was worn out, and likely to collapse at any time. Defendant deliberately drove down the incline at a speed of fifty-five miles per hour, the casing blew out, defendant set the brakes of the automobile suddenly and violently, and the automobile swerved back and forth on the road, and finally struck one of the culvert end walls. Plaintiff was seriously injured.

The petition charged gross negligence on the part of defendant in using the defective tire and in operating the automobile before and after the blow-out. Plaintiff alleged he was unable to protect himself at the time of the accident because he was asleep. The district court filed the following memorandum of decision:

"Upon the plaintiff's allegation of a speed of fifty-five (55) miles per hour, and that the plaintiff, a guest, was asleep at the time, the court is of the opinion that the plaintiff's allegations of speed and being asleep so that the guest did not and could not notify the driver of his objection to the violation of the state law, amounts to contributory negligence, and constitutes a bar to recovery upon this allegation. The guest was sitting in the front seat, and had he remained awake and exercised the ordinary care which he is required to do, could have and should have seen the situation as to driving at a great rate of speed, and ordinary care would require him to notify the driver to slow up. Upon the allegation as to a puncture or blow-out due to the condition of the tire, the court is of the opinion that under the allegations no

duty is placed either upon the driver or upon the guest, and that no negligence is alleged. .

"The court is overruling the demurrer upon this allegation of negligence alone:

" 'Defendant thereupon negligently and carelessly put on the brakes thereof so suddenly and violently that said automobile was thereby and because thereof made to weave and swerve back and forth, over and across· the said road, and to strike one of the said upright concrete abutments of said culvert with such force . . . and so forth,'

and then alleging the injuries. Upon this matter and for this reason the demurrer will be overruled. It was the duty of the driver to exercise ordinary care toward his guest and show ordinary skill in the operation of his automobile. Likewise, of course, it would have been the duty of the passenger, in case of danger, and having time to do so, to notify the driver of the same. Under this allegation the guest could not, had he been wide awake, have notified the driver in the time apparent from the petition, of his incompetent and improper handling of the car, nor would he have had time to suggest any changes in the operation. It follows, therefore, that whether he was asleep or awake, he could not have done anything as a guest to guard against this negligence, so that the fact that he was asleep would not be contributory negligence barring recovery if the negligence be proven at the trial of the case."

It is not permissible to segregate the various acts of defendant and treat each one separately, as if it were all that occurred. Defendant did not simply drive at a high rate of speed. He drove down a steep incline at a high rate of speed. He did this with a defective tire likely to collapse and create a crisis in the management of the car. When the foreseeable crisis did occur he used the brakes in a manner almost certain to increase unmanageability. Each act bore a relation to the others, and the cumulative effect was injury to plaintiff.

What was the duty of the host to his guest?

The rule of this court is that the host shall not expose the guest to risk of harm by act or omission violative of the common standard of conduct, the conduct of a reasonable man. The rule goes back to horse-and-buggy days:

"The law required from all persons, including those who render gratuitous services, reasonable care for the safety of life and person." (*Mayberry v. Sivey,* 18 Kan. 291, 293 [1877].)

The rule has been modified by statute soon to take effect, limiting liability of a motor vehicle driver to his guest to consequences of "gross and wanton negligence." The house of representatives proposed a bill using the correct descriptives of the kind of conduct intended to be described, "intentional or reckless," but the senate

amended the bill by going back to the archaic expression, "gross and wanton negligence."

Defendant did not warrant that he was an expert automobile driver, but his invitation to plaintiff to intrust himself to defendant's protection carried with it assurances of reasonable qualification to operate the car with a reasonable degree of safety under ordinary road conditions between Wellington and Alva. Defendant did not warrant that his automobile was more than reasonably safe for the contemplated trip, but with the tire in the condition described in the petition defendant should have known the condition, and he was under a duty to plaintiff to operate the automobile in a manner which took into consideration danger arising from collapse of the tire. If defendant's experience or information should have suggested to him that a car driven at high speed will skid when the brakes are suddenly and violently applied, he was bound to act accordingly. If he did not have sufficient knowledge and skill to arrest speed by means which would not increase risk of accident, and acted from impulse, he would not, ordinarily, be negligent in setting the brakes in an emergency; but in this instance defendant created the emergency, and is not excusable because he did not know what to do or did the wrong thing.

Plaintiff was required to exercise reasonable care for his own safety. He was not obliged to inspect the tires, or brakes, or other equipment of the automobile. He was not obliged to assume that defendant would take advantage of his somnolence to put him in great peril.

This court cannot state a hard-and-fast rule by which it may be determined whether a sleeping guest is negligent, or not negligent. If the guest knows the character of the automobile driver, knows that the driver's experience and skill qualify him to deal with road and traffic conditions likely to be encountered on a particular journey, and has no reason to anticipate that unusual or extraordinary situations will arise, it may be clear the guest would not be at fault if he took a nap. On the other hand, the circumstances might be such that it would be clear the guest ought to be awake and alert. Generally, the question will be one for the jury, and it would not be profitable to discuss a few of the infinite variety of fact situations which automobile driving may create. In this instance there is ground for a finding of recklessness on the part of

the driver, and in that event the contributory negligence of plaintiff is not of consequence.

Plaintiff invokes a form of the last-clear-chance doctrine—when the car went plunging down the incline, and the tire blew out, he was helpless because he was asleep. The question at the trial will be whether he ought to have suffered himself to be in effect a piece of freight in the automobile when it hurtled down the hill.

The judgment of the district court is reversed generally, and the cause is remanded with directions to overrule the demurrer to the petition.

HARVEY, J. (concurring specially): Since this case has not been tried, the only facts we have before us are those alleged in the petition, which, for the purpose of our decision, must be taken as true, and considering these collectively I concur in the view that, *prima facie*, they state a cause of action and that defendant's demurrer to the petition should be overruled.

Concerning the point most strongly urged by defendant, that plaintiff's being asleep constituted contributory negligence as a matter of law and bars his recovery, my view is this: A guest riding in an automobile, possessed of his faculties for observation and in position to exercise them, is under the duty to use due care for his own safety. His inattention to hazardous conditions constitutes contributory negligence. Certainly, if such mere inattention constitutes contributory negligence, his voluntarily closing his eyes, or going to sleep, so he could not see or observe hazardous conditions, would constitute contributory negligence. But if defendant invited plaintiff to go to sleep in his car, or, knowing that plaintiff had gone to sleep, acquiesced in his sleeping while a guest, he is not in very good position to complain of the fact that plaintiff was asleep, for he would then know plaintiff's senses of observation were dormant and not functioning. Due care on defendant's part would require him to take that matter into consideration, perhaps as much so as if defendant had invited a blind deaf mute to ride with him, or an infant, or one decrepit with age or incapacitated by disease. Naturally in any of those situations the ability of the guest to care for himself should be taken into consideration in determining whether or not the host used due care.

I am inclined to the view, however, that some of our former decisions have placed too strong an obligation on the host toward his

guest. One who invites another to ride in his car does not thereby necessarily guarantee either that he is an expert driver or that his car is in first-class condition. The guest ordinarily is bound to know that he is being invited to ride in a used car, the tires, brakes, lights and other working parts of which may not be in first-class condition, and that his host may not be an expert driver. In accepting the invitation the guest necessarily assumes risks normally incident to such condition, much as a guest invited to a home assumes the risk of the condition of the premises and the characteristics of his host. A host inviting a guest to ride with him may be said fairly to represent to his guest that his car is in serviceable condition, when operated by one familiar with it, that he is fairly familiar with its operation, and that he is sufficiently familiar with driving the car that he is able, under ordinary circumstances, to handle it without injury to his guest.

The fact that defendant might have been driving fast, that a tire blew out, or that in an emergency he put on his brakes, may or may not constitute actionable negligence, depending on many circumstances which would be disclosed better by a trial of the case. I do not care to commit myself to all that is said in the opinion.