No. 32,821

MORRIS DAVIDOW, *Appellee,* v. JOE BOLD, a Minor, *Appellant.*

No. 32,822

FRANCES WENNERMAN, *Appellee,* v. JOE BOLD, a Minor, *Appellant.*

(57 P. 2d 100)

914

Opinion filed May 9, 1936.

*Arthur J. Stanley* and *J. E. Schroeder,* both of Kansas City, for the appellant.

*Joseph Cohen,* of Kansas City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: These two appeals present the same legal questions. Plaintiffs allege they were invited guests of defendant, a minor, eighteen years of age, in an automobile driven by him in Missouri; that he negligently went to sleep and turned the automobile over, as a result of which they sustained personal injuries, for which they seek, in separate actions, to recover damages. Plaintiffs pleaded the statute of Missouri, R. S. 1929, § 7775, which requires the driver of a motor vehicle on the highways of that state to use the highest degree of care so as not to endanger the property of another, or the life and limb of any person, and a decision of the supreme court of that state, *Haley v. Huntley,* 333 Mo. 771, 63 S. W. 2d 21) holding the statute applies to a host and his guest. Defendant filed in each case a demurrer specially worded to the effect that the petition showed defendant to be a minor; that plaintiffs and defendant had entered into an implied contract, not for necessities; that the alleged negligence of defendant grew out of such contract, and because thereof the petition failed to state a cause of action. The demurrers were considered and overruled. Defendant has appealed.

Appellant concedes the general rule to be that a minor is liable for his torts, but seeks to invoke the doctrine stated by Cooley on Torts, 4th ed., p. 199, as follows:

"There are some cases, however, in which an infant cannot be held liable as for tort, though on the same state of facts a person of full age and legal capacity might be. The distinction is this: If the wrong grows out of contract relations, and the real injury consists in the nonperformance of a contract into which the party wronged has entered with an infant, the law will not permit the former to enforce the contract indirectly by counting on the infant's neglect to perform it, or omission of duty under it as a tort. The reason is obvious: To permit this to be done would deprive the infant of that shield of protection which in matters of contract the law has wisely placed before him."

The author discusses many ramifications of this doctrine, citing cases, but we need not enlarge upon them here for the reason, as we shall see, the doctrine is not involved except as appellant raises it and argues it.

Appellant argues that when he invited plaintiffs to ride with him in his automobile, and they accepted the invitation, an implied contract was entered into by the terms of which he undertook and agreed to transport them in his automobile from Kansas City to St. Joseph, Mo., and return, and to use due care, or to use the highest degree of care, as the Missouri statute provides, in doing so. The argument is ingenious, but not sound. Had defendant asked plaintiffs to get out of his automobile after he had gone part way, and they had been compelled to hire a taxi or some other conveyance to get them home, we think they could not have sued him and recovered for the expense of such transportation. The argument of appellant would lead to this result: Every situation not involving his necessities, in which a minor would be placed and in which, by any statute or by the common law, he owed to another due care, would be a contract and relieve him from liability for his negligence. This would be contrary to the general rule that a minor is liable for his torts, conceded by appellant to be sound. Appellant, seeing where his argument might lead, says the rule he contends for would not apply if while driving on the highway he had negligently collided with another automobile, or a pedestrian, and caused injury. But appellant owed to such parties as much duty to exercise care as he did to his guests.

In *Howse v. Weinrich,* 133 Kan. 132, 134, 298 Pac. 766, this language is used:

"What was the duty of the host to his guest?

"The rule of this court is that the host shall not expose the guest to risk of harm by act or omission violative of the common standard of conduct, the conduct of a reasonable man." (Citing *Mayberry v. Sivey,* 18 Kan. 291, 293.)

The petitions in these cases pleaded a cause of action founded on negligence, not on contract. The fact that the cause of action arose in Missouri prevents our guest statute (R. S. 1933 Supp. 8-122b) from being applicable. The liability created by the Missouri statute may be enforced in the courts of this state. (*Pool v. Day,* 141 Kan. 195, 198, 40 P. 2d 396.)

The judgment of the court below is affirmed.