(No. 35316.—

RALPH A. HATCHER, Admr., Appellant, *vs.* THE NEW YORK
CENTRAL RAILROAD COMPANY, Appellee.

*Opinion filed November 18, 1959.*

Frank M. Wanless, of Morton, (Conrad Noll, Jr., of counsel,) for appellant.

John M. Elliott, of Peoria, and Marvin A. Jersild, and Charles I. Hopkins, both of Chicago, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Plaintiff, as administrator of the estate of his deceased wife, brought an action for damages under the wrongful death statute against defendant railroad company for having caused her death by its wrongful act, neglect or default, and recovered a judgment, based upon the verdict of a jury, in the sum of $25,000. Upon appeal the Appellate Court Third District reversed the judgment without remanding the cause. (20 Ill. App. 2d 481.) We granted plaintiff's petition for leave to appeal.

Plaintiff's intestate died as a result of a crossing collision between one of defendant's trains and the car driven by plaintiff in which she was a passenger. The Appellate Court concluded, as a matter of law, that the plaintiff failed to prove that the decedent was in the exercise of due care and caution for her own safety at the time of the accident in question and that the circuit court erred in

refusing to direct a verdict in favor of defendant and for that error reversed the judgment plaintiff had recovered.

The only question involved in this appeal is whether the evidence fails to show due care and caution on the part of plaintiff's intestate. To determine the question it becomes necessary for us to review the evidence in the record, and in doing so we must consider the evidence most strongly in favor of plaintiff and give to it every reasonable intendment favorable to plaintiff. With this rule in mind we find from the evidence in the record that on September 18, 1955, which was a warm and sunshiny day, at about 3 o'clock in the afternoon, the plaintiff and his family left their home for a Sunday afternoon drive in his 1950 Chevrolet. In the front seat on the left and driving was the plaintiff. His mother, who was visiting at his home, was on the right and his wife was in the middle. In the rear seat there were their three daughters. A son was standing on the floor just back of the front seat. The plaintiff was then 35 years of age, his wife 27 and the children were from 7 to 11 years old.

The evidence further shows that about 900 feet east of the crossing where the collision occurred the road dipped downward, curves slightly to the right, and then reverses into an "S" turn. The crossing is somewhat east of the center of the "S" curve of the road. After crossing the railroad the road then goes uphill to the right. The road on both sides of the railroad crossing is a gravel road. The railroad of the defendant at this point is a single track, with planking along the rails for the crossing. The road on which the Hatcher family was traveling was known as Allentown Road.

The plaintiff testified that when he reached the dip in the road east of the crossing he was traveling 30 miles per hour; that he decreased his speed and at the time of the collision and as he approached the crossing he was traveling about 20 miles per hour. His mother and his

wife were talking about general matters and looking ahead. As he approached the crossing he looked ahead and to the left and right. Plaintiff testified when he was about 200 feet from the crossing he could see the crossing signs and the tracks ahead of him. To the left he could see only foliage, trees and brush, and the same when he looked to the right; that the weeds hiding the railroad were higher than a man's head—8 to 10 feet high.

The fireman, called on behalf of defendant, testified that he was on the side of the engine from which the auto approached; that he had an unlimited view and was looking forward and to the left and that he did not see the car until he was within 25 feet of the crossing and that the trees and corner panel of the engine obstructed his view.

None of the occupants of the car, so far as the evidence discloses, saw the train before it struck the car, nor did they hear a train bell or whistle. The train struck the car slightly to the rear of center on the right side and hurled it into an open ditch on the west side of the tracks. The plaintiff's wife, his mother and two daughters were killed in the collision. The railroad at the crossing runs generally in a southeasterly direction which was the direction the train was traveling over the crossing. Allentown Road runs generally easterly and westerly and the automobile was traveling westerly approaching the crossing. The train was a passenger train of four cars being pulled by a Diesel engine. One of the witnesses testified it was standing about 600 feet beyond the crossing after the collision. As to the speed of the train at about the time of the collision the witness, Walter White, an express messenger then working in the express car, testified that the train could have been going 60 miles an hour.

The engineer did not see the car until after the collision. The fireman saw the car just a split second before the collision and called to the engineer to apply the emergency

brakes, which he did, bringing the train to a stop in about two train lengths.

The question as to whether the bell was ringing or a whistle was blowing as the train approached the crossing was disputed upon the trial of this cause. The failure to warn by one or the other of these means was alleged in the complaint and there was ample proof of such failure in the evidence. In effect the jury so found by its verdict and the Appellate Court agreed, saying: "On the question of negligence on the part of the railroad, we believe there is sufficient evidence in the record to present a question of fact for the jury."

However, as to the other element in the case, that is, whether there was any evidence tending to show that plaintiff's intestate was in the exercise of due care for her own safety at the time of the accident, the court found adversely to plaintiff. In passing upon this question the Appellate Court said: "There is no testimony that anything was said by the decedent or anyone else to the driver of the car about the manner in which he was operating the automobile or in warning in anyway. * * * There is nothing in the record to show that she said anything or did anything to warn the driver that they were approaching a railroad crossing. In fact, the only testimony of the three eye-witnesses, as to the conduct of the decedent is that she was talking to her mother-in-law and looking out the front of the car. * * * There is nothing in the record to show any distraction of her attention. * * * It is not enough that the railroad may have been negligent, in that it failed to blow the whistle or failed to ring the bell. It may have been negligent in permitting the weeds and bushes to grow upon its right-of-way to such an extent that the view of the tracks was obstructed. The plaintiff's intestate must also have exercised due care and caution for her own safety, and according to this record she failed to

do anything or say anything in the exercise of due care, although she could see the crossing, was or must have been conscious of the fact that the car was approaching a railroad crossing, and as a normal person recognized the inherent danger at such a point. As has been said many times, it is difficult to make a hard and fast rule that will apply to all cases. Each case must rest upon its own facts. But where the facts are undisputed and without question, and where they show a total lack of any act on the part of the plaintiff's intestate to have been in the exercise of due care and caution for her own safety, there is only one conclusion and that is that the plaintiff failed to prove an essential and vital part of the plaintiff's case, namely that the decedent was in the exercise of due care and caution for her own safety at the time of the accident. This being so determined, the circuit court was in error in refusing to direct a verdict in favor of defendant, and the cause is reversed for that error."

We cannot agree with the foregoing conclusion reached by the Appellate Court. In *Blumb* v. *Getz*, 366 Ill. 273, 277, we said: "The question of contributory negligence is one which is preeminently a fact for the consideration of a jury. It can not be defined in exact terms and unless it can be said that the action of a person is clearly and palpably negligent, it is not within the province of the court to substitute its judgment for that of a jury which is provided for the purpose of deciding this as well as the other questions in the case. As was stated in *Thomas* v. *Buchanan*, 357 Ill. 270: 'The question of due care on the part of the plaintiff's intestate is always a question of fact to be submitted to a jury whenever there is any evidence in the record which, with any legitimate inference that may reasonably and legally be drawn therefrom, tends to show the exercise of due care on the part of the deceased.' "

It is clear that the Appellate Court based its conclusion that the decedent was guilty of contributory negligence as

a matter of law upon the ground that she had said nothing to the driver of the car about the manner in which he was operating the car or in warning the driver in anyway; nor said or did anything to warn the driver that they were approaching a railroad crossing. From the evidence in the record it appears that decedent's husband, the driver of the car, was aware of the fact they were approaching a railroad crossing that he had decreased his speed to approximately 20 miles per hour, and had looked both to the right and left as he did so, so that a warning by decedent to that effect was not indicated. There is no proof in the record that decedent had any knowledge of imminent or immediate danger which would require imparting that knowledge to the driver. Aside from the existence there of the crossarms and the railroad tracks there was no obvious evidence of danger and unless the passenger sees an obvious danger which the driver might not see, there would be no duty on the passenger to warn the driver. *Chapman* v. *Baltimore and Ohio Railroad Co.* 340 Ill. App. 475.

With reference to the duty of a passenger riding in an automobile the language of the court in *Rhoden* v. *Peoria Creamery Co.* 278 Ill. App. 452, 464, 465, is particularly applicable here. There the court said: "In *Christensen* v. *Johnston,* 207 Ill. App. 209, the court quoted with approval the following language from *Clarke* v. *Connecticut Co.* 83 Conn. 219: 'What conduct on the passenger's part is necessary to comply with his duty must depend upon all the circumstances, one of which is that he is merely a passenger having no control over the management of the vehicle in which he is being transported. Manifestly, the conduct which reasonable care requires of such a passenger will not ordinarily, if in any case, be the same as that which it would require of the driver. While the standard of duty is the same, the conduct required to fulfil that duty is ordinarily different because their circumstances are different.' A passenger riding as an invited guest in an automobile

is only required to exercise such care as the exigencies of the situation require; in other words, such guest is bound to use such care and caution as a person situated in like circumstances would exercise, (*Fredericks* v. *Chicago Rys. Co.* 208 Ill. App. 172,) and the fact that defendant in error did not do or say anything as the car approached the truck did not, in our opinion, show, as a matter of law, that she was not in the exercise of ordinary care for her own safety. The question whether she did or failed to do all that a reasonable person in like circumstances would have done was properly submitted to the jury by the trial court."

Furthermore, the question arises upon this record as to the effect upon decedent of defendant's failure to observe the duty imposed upon it by statute to ring a bell or blow a whistle at a distance of at least eighty rods from the place where the railroad crosses or intersects any public highway and continue giving such warning until the train reaches the crossing. (Ill. Rev. Stat. 1955, chap. 114, par. 59.) Decedent was not required to anticipate negligence on the part of defendant. She was not charged with knowledge that the train in question would approach the crossing at a high rate of speed without warning travelers by bell or whistle of its approach. The decedent had the right to presume that the train would be operated in a lawful manner by sounding the required warning so as to prevent such travelers from going on the crossing in front of an approaching train. *Humbert* v. *Lowden,* 385 Ill. 437.

We cannot escape the conclusion that, under the particular facts and circumstances shown by the evidence in this case, the question of whether the deceased was guilty of such contributory negligence as to bar a recovery was a question of fact for the jury. The Appellate Court erred in holding that, as a matter of law, there was no evidence tending to prove that the deceased was in the exercise of due care and caution for her own safety.

The judgment of the Appellate Court for the Third

District is reversed and the cause is remanded to that court, with directions to consider other alleged errors, and thereupon either to affirm the judgment of the trial court, or to reverse it and remand the cause for a new trial.

*Reversed and remanded, with directions.*