No. 46,371

Mary E. Autry, *Appellant,* v. Walls I. G. A. Foodliner, Inc., a Kansas Corporation, *Appellee.*

(497 P. 2d 303)

Opinion filed May 6, 1972.

*Patrick F. Kelly,* of Render, Kamas & Kelly, of Wichita, argued the cause and was on the brief for the appellant.

*David W. Buxton,* of Fleeson, Gooing, Coulson & Kitch, of Wichita, argued the cause, and *Donald R. Newkirk,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an action for personal injuries resulting from a fall while plaintiff was a business invitee on the premises of the defendant.

After the plaintiff presented her evidence and rested, the defendant moved for a directed verdict, claiming that plaintiff's evidence failed to establish that defendant was guilty of negligence and did establish that plaintiff was guilty of contributory negligence. The court ruled, after hearing the plaintiff's evidence, that negligence of the defendant was a fact question for the jury. The court also ruled that plaintiff was guilty of contributory negligence as a matter of law. The plaintiff appeals from the latter ruling.

The plaintiff had shopped regularly for a number of years at the defendant's market. The market and adjacent parking facilities were maintained and operated for the retail sale of foods.

A parcel pickup lane was situated and maintained by defendant on the east side of the market. Traffic in the pickup lane was routed one way, south to north. The lane paralleled the east side of the building and was somewhat wider than the width of one car. The pickup lane at one time prior to the plaintiff's accident was defined by a row of orange-colored plastic cylindrical markers approximately thirty inches in height. The markers functioned to separate the parcel pickup lane from a main traffic avenue to the parking lot. The traffic avenue paralleled the parcel pickup lane and accommodated two lanes of traffic which provided ingress and egress to the two primary parking areas for the shopping center.

At the time plaintiff's injuries were sustained some of the plastic markers were standing upright, but some of them had been knocked over. Plaintiff was generally aware of the market's parking and entrance facilities and was aware that some of the plastic markers had been knocked down in the past, but was not aware of the existence of the metal bases.

When plaintiff entered the food market on the night she was injured she did not notice the pickup lane markers. After making purchases she exited defendant's market at approximately 9:00 p. m. from the north door on the east side of the building. She was carrying a sack of groceries in her right arm. In order to reach her car plaintiff had to traverse the width of both the pickup lane and the traffic avenue. A car was parked in the pickup lane and plaintiff had to cross in front of it. She paused momentarily in front of the

parked car to observe traffic and to allow a north bound car in the traffic avenue to pass. After the car passed she stepped forward without observing the area immediately in front of her feet. As she did so she caught her left foot on the metal base and fell.

The metal base was about six inches around and anchored into the cement. On the inside of these anchors or fittings was a place for a plastic tube approximately thirty inches in height and three to four inches in diameter. Plaintiff's Exhibit "A" was introduced in evidence showing the condition of the bases without plastic tubes.

The plaintiff's brief is limited to the issue of contributory negligence. The defendant's brief is aimed at supporting the trial court's ruling on contributory negligence, but also briefs the question of whether or not the defendant was guilty of any act of negligence.

We are unable to consider the issue of whether the defendant was negligent since no cross-appeal was filed by the defendant. We are controlled by K. S. A. 60-2103 (h), which provides:

"(h) When notice of appeal has been served in a case and the appellee desires to have a review of rulings and decisions of which he complains, he shall within twenty (20) days after the notice of appeal has been served upon him and filed with the clerk of the trial court, give notice of his cross-appeal."

This statute has been considered in *James v. City of Pittsburg,* 195 Kan. 462, 407 P. 2d 503, and in *Scammahorn v. Gibraltar Savings & Loan Assn.,* 197 Kan. 410, 416 P. 2d 771. In each of these cases we held that the failure of appellee to cross-appeal from an adverse ruling by the trial court precludes this court from considering the propriety of such a ruling. The statute is clear and its effect here is to eliminate from our consideration the trial court's determination that defendant's negligence was a question of fact for the jury's determination.

In view of this, we have one issue—whether the trial court ruled correctly in its finding that the plaintiff was contributorially negligent as a matter of law.

The defendant contends the plaintiff was aware of the parking facilities and the entrance facilities and that she knew the pickup lane was outlined by orange-colored, cone-shaped markers, and that the markers had been knocked off or knocked over prior to her accident. This knowledge, together with her admission that she did not look for the markers prior to her fall, convicted her of contributory negligence as a matter of law.

The plaintiff contends reasonable men might have found that the dangers inherent in crossing the traffic avenue justified plaintiff in diverting her attention from the ground immediately in front of her feet. Plaintiff points out that: (1) She was carrying a sack of groceries, (2) she had to cross not only the pickup lane but also a main traffic avenue in the adjacent parking lot, (3) it was night, and (4) she had to pass in front of a car which partially blocked her view of cars traveling north in the traffic avenue. Under these circumstances, plaintiff argues she was justified in not focusing her attention on the area in front of her feet.

The plaintiff also contends reasonable men might have found that, due to the legal relationship between plaintiff and defendant, plaintiff was justified in paying little or no attention to the area immediately in front of her feet. Plaintiff argues since she was a business invitee a duty rested on defendant to keep his premises in a reasonably safe condition, and plaintiff had a right to rely on this duty. In view of this and the fact plaintiff did not notice the condition of the markers when she entered the store, plaintiff contends, absent knowledge of past negligence, that she did not have reasonable cause to anticipate the defendant's negligence on this occasion. Plaintiff also argues that mere knowledge of the condition of the markers will not support a finding of contributory negligence as a matter of law since the law requires a full appreciation of the risk involved.

The fate of this appeal depends on the application of the rule stated in *Schenck v. Thompson*, 201 Kan. 608, 443 P. 2d 298. We said:

"Ordinarily, the existence of contributory negligence is a question of fact, it being for the jury to determine from the circumstances of each particular case whether the conduct of a party was such as would be expected of a reasonably prudent person. Only when the plaintiff's conduct can be said as a matter of law to have fallen below the standard of a reasonably prudent person, may the question of contributory negligence be taken from the jury and determined by the court. In ascertaining whether as a matter of law plaintiff is contributorily [*sic*] negligent, precluding recovery, the evidence and all inferences that may reasonably be drawn therefrom must be accepted as true and considered in the light most favorable to the plaintiff. If the facts viewed in that manner be such that reasonable minds might reach different conclusions therefrom, the issue of contributory negligence must go to the jury. This is true, although the evidence is weak and inconclusive." (p. 612.)

In *George v. Ayesh,* 179 Kan. 324, 295 P. 2d 660, at page 327, we said that a plaintiff was bound to use "ordinary care for his own safety and is not to be excused for not seeing that which was in plain view to be seen." In *Fisher v. Sears, Roebuck & Co.,* 207 Kan. 493, 485 P. 2d 1309, we said that a plaintiff must use reasonable care and must anticipate and avoid display appliances normally used in a store. In *Buck v. Miller Amusement Co.,* 166 Kan. 205, 200 P. 2d 286, we stated that a plaintiff is not guilty of negligence who does not look for danger where there is no reason to apprehend any danger. In *Little v. Butner,* 186 Kan. 75, 348 P. 2d 1022, we pointed out that a customer entering a store must make reasonable use of his own faculties for his own protection, but that he had a right to assume that the floor of the store was suitable and safe to walk upon and he was not required to expect the defendant store owner would violate his legal duty and produce a dangerous condition on the floor upon which he invited the plaintiff to walk. We also held in *Bingham v. Hillcrest Bowl, Inc.,* 199 Kan. 40, 427 P. 2d 591, that a plaintiff who was carrying a tray of doughnuts in front of her could not be expected to be watching the floor at each and every step.

A statement of the law as to the effect of knowledge of danger is found in *Nave v. Hixenbaugh,* 180 Kan. 370, 304 P. 2d 482, where it was said:

"Mere knowledge of the danger of doing a certain act without a full appreciation of the risk involved is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk. Moreover, knowledge of the offending instrumentality does not constitute negligence as a matter of law." (Syl. ¶ 3.)

The record discloses that the plaintiff, prior to the evening of her fall, had knowledge of the existence of the orange, cone-shaped markers which outlined the pickup lane. The problem then arises as to whether this knowledge required plaintiff as a reasonably prudent person to watch where she was stepping on the evening of her fall. We believe the determination of this issue is a question of fact. We held in *Nave* that knowledge of an offending instrumentality does not constitute negligence as a matter of law. This case also pointed out that in order to preclude a plaintiff from recovery there must be a full appreciation of the risk involved. The record in this case discloses plaintiff had some knowledge of

the condition of the defendant's premises, but it does not disclose any facts upon which plaintiff can be charged with knowing that a danger existed obvious enough that her action on the night she fell resulted in contributory negligence as a matter of law. The plaintiff fell when her foot struck one of the metal bases as distinguished from the orange, cone-shaped markers. Plaintiff's testimony as to prior knowledge was limited to the presence of the orange, cone-shaped markers. She testified that she was not aware of the existence of the metal bases. As we view the record, plaintiff did not admit prior knowledge of the existence of the instrumentality which caused her injury. It is not necessary to extend this decision to discuss other arguments made by plaintiff since the foregoing disposes of the single issue presented herein.

We are charged with granting to plaintiff all inferences which may reasonably be drawn from the evidence and to consider these inferences most favorably to the plaintiff. So viewed, we believe reasonable minds might reach different conclusions from the evidence as disclosed in the record before us.

The issue of contributory negligence should have been submitted to the jury.

The judgment is reversed.