No. 48,237

David C. Smith, *Appellant,* v. The Union Pacific Railroad Company, *Appellee.*

(564 P.2d 514)

Opinion filed May 14, 1977.

*Jerry R. Palmer,* of Topeka, argued the cause and was on the brief for the appellant.

*Richard F. Hayse,* of Eidson, Lewis, Porter & Haynes, of Topeka, argued the cause, and *Phil H. Lewis,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: The plaintiff, David C. Smith, appeals from a summary judgment entered in favor of defendant, The Union Pacific Railroad Company. The plaintiff was injured while riding as a passenger in a truck which collided with a Union Pacific Railroad train at a railroad crossing in the city of Manhattan, Kansas. The question is whether the testimony of plaintiff con-

clusively shows he was contributorily negligent as a matter of law in failing to look for a train, in failing to warn the driver and in failing to require the driver of the truck to stop before proceeding onto the railroad tracks. The testimony of plaintiff and all other witnesses was fully explored by interrogatories and depositions.

The defendant railroad was charged with various acts of negligence, including failure of the engineer to observe the maximum speed limit of 35 miles per hour and failure to give an adequate signal with the whistle to warn the occupants of the truck of the approach of the train. We are not concerned with these alleged acts of negligence since the sole basis for the entry of summary judgment was the court's determination that plaintiff was guilty of contributory negligence as a matter of law.

A recitation of background facts will be helpful. The train in this case was on a regular run from Junction City to Topeka and was passing through the city of Manhattan. The collision occurred at the Sixteenth Street crossing. The train was traveling 39 miles per hour, slightly over the maximum speed of 35 miles per hour recommended in the operating manual. The train was coming from the west and the truck in which plaintiff was a passenger was proceeding north. The lines of vision of the engineer on the train and of those riding in the truck were blocked by a tall building on the southwest corner of the intersection. This building was located 25 feet south of the railroad tracks and 19 feet west of Sixteenth Street. The engineer was not able to see traffic coming from the south on Sixteenth Street until traffic cleared the building. The occupants of the truck were unable to see the train coming from the west until they were approximately 25 feet from the railroad tracks. However, when the truck cleared the building the occupants could have seen west along the railroad tracks a distance of about 1500 feet. Just prior to the collision the truck was traveling at approximately five miles per hour.

The plaintiff and his driver were working for a trenching company which laid sewer pipe. The company headquarters was located just south of the intersection where the accident occurred. Sixteenth Street dead-ends just south of the trenching company's building. At this point the street is without curbing, is a graveled street, poorly maintained and contains many chuck holes which impede traffic. Both the plaintiff and the driver were familiar with this crossing. Plaintiff had worked there over six years and

had crossed the railroad tracks several times each day. Earlier that same day he had driven another vehicle over the tracks. At that time he stopped the vehicle, looked both ways and then proceeded to cross the tracks. There was no stop sign at this crossing. There was one railroad crossing sign north of the tracks near Sixteenth Street.

Just prior to the accident the plaintiff and another employee of the trenching company returned to the company headquarters to load sewer pipe on the truck which had an eight foot wide bed. The pipe being loaded was located behind the headquarters building. They loaded the pipe and after stopping to pick up a tool box they proceeded north on this poorly maintained street toward the railroad tracks. Eugene R. Pixler was driving the company truck and plaintiff was a passenger in the front seat. They had traveled only 58 feet when the collision occurred.

The driver of the truck, Pixler, testified that when he had reached a point 28 feet from the tracks he thought he heard a shout behind the truck and turned to his right, away from the direction from which the train came, and looked over his shoulder toward the rear of the truck. When he turned his attention back to the street ahead he first looked east and then west. It was when he looked west that he first saw the train. It was five feet from the truck. He heard no warning train whistle. Before he had time to react the collision occurred.

The plaintiff, Smith, testified that after the truck started toward the railroad tracks he heard a piece of clay pipe hit the ground to the rear of the truck. He turned in the seat to look back and that is the last thing he remembers for a week. Smith testified he does not know or cannot remember whether he looked for or saw the train before the collision. He did not hear or does not remember hearing the train whistle. There was no evidence that he did or did not look for a train and no evidence that he did or did not see the train. There was no evidence that he warned the driver. Assuming that the truck continued traveling at five miles per hour after clearing the building and that the occupants of the truck had been watching, the train would have been in view approximately 2.5 seconds before the collision.

We turn now to the question presented on appeal.

A summary judgment may be entered if the pleadings, depositions, answers to interrogatories and admissions on file show

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (K.S.A. 60-256 [c].) But in considering a motion for summary judgment the movant's adversary is entitled to the benefit of all reasonable inferences that may be drawn from the facts under consideration. (*Vaughn v. Murray*, 214 Kan. 456, Syl. 1, 521 P. 2d 262; *Rothwell v. Transmeier*, 206 Kan. 199, Syl. 3, 477 P. 2d 960.) Normally, the presence or the absence of negligence in any degree is not subject to determination by the court on summary judgment, for such a determination should be left to the trier of the facts. It is only when it can be said that reasonable men cannot reach differing conclusions from the same evidence that the issue may be decided as a question of law. (*Vaughn v. Murray*, supra; *Abston v. Medora Grain, Inc.*, 206 Kan. 727, 735, 482 P. 2d 692.) So in the present case if we are to affirm the summary judgment entered by the trial court in favor of the railroad we must be able to say on the record before us that a passenger in a vehicle who is approaching a known railroad crossing is guilty of contributory negligence as a matter of law if he fails to maintain a constant lookout for trains and warn the driver in time to stop and avoid an oncoming train.

In the present case the trial court applied the rule in *Buchhein v. Atchison, T. & S. F. Rly. Co.*, 147 Kan. 192, 75 P. 2d 280, holding the plaintiff passenger was contributorily negligent as a matter of law and rendering summary judgment as a matter of law. In Syl. 1 of *Buchhein* it is stated that a mature person who attempts to cross a railroad track without taking any precaution for his own safety while riding in an automobile with another who is driving, cannot recover damages from a railroad company for injuries sustained in a collision with a train when by looking he could have seen the approaching train in time to warn the driver of the danger. This rule places a duty to look for trains on a passenger equal to the duty resting on the driver, and the passenger is required to keep a lookout for possible dangers ahead when approaching railroad tracks, to see what is there to be seen and to warn the driver of every approaching train. This rule may be traced back through our case law to *U. P. Rly. Co. v. Adams*, 33 Kan. 427, 6 Pac. 529, which was handed down in 1885 and involved a passenger riding in a spring wagon drawn by a team of horses. In that particular case the horses were in a fast trot and the

plaintiff who was the wife of the driver failed to look for trains. Her children were riding in the back seat of the wagon and she did not hear nor see the train and she failed to warn her husband. It was held her negligence barred her recovery as a matter of law.

This same rule may be found in many of the subsequent cases. It has been recognized to some extent in our more recent cases. See *Sander v. Union Pacific Rld. Co.*, 205 Kan. 592, 596, 470 P. 2d 748, and *Alley v. Chicago, Rock Island & Pacific Rld. Co.*, 213 Kan. 457, 458, 516 P. 2d 967. In many of our more recent cases, such as in *Alley*, the negligence of the driver was all that was involved.

The rule imposing this strict duty upon a passenger with regard to collisions at railroad crossings has not been applied in cases involving collisions between two automobiles at a street intersection. In the latter cases the question of contributory negligence of a passenger is generally considered to be a question of fact. (*Beye v. Andres*, 179 Kan. 502, 296 P. 2d 1049.) For instance, in *Kelty v. Best Cabs, Inc.*, 206 Kan. 654, 481 P. 2d 980, a wife failed to look for and warn her driver husband of the approach of a taxi cab which approached from the passenger's side. This court held that the evidence in the case did not require the trial court to instruct the jury that the passenger was guilty of negligence if she failed to look for danger and warn the husband-driver of approaching imminent danger.

In automobile collision cases this court has held that a passenger in an automobile is not negligent as a matter of law even though that passenger may be asleep when the accident occurs. See *Howse v. Weinrich*, 133 Kan. 132, Syl. 2, 298 Pac. 766.

Generally it can be said it is the duty of the passenger while riding in an automobile driven by another person to use that care which a reasonably careful person would use for his own protection under the circumstances then existing. (*McGlothlin v. Wiles*, 207 Kan. 718, Syl. 1, 487 P. 2d 533.) A passenger may properly rely upon the driver to attend to the operation of the vehicle, in the absence of the knowledge of danger, or of facts which would give him such knowledge. (*McGlothlin v. Wiles*, supra, Syl. 3.) It is for the jury to say from the evidence whether a passenger exercised such care as a reasonably careful person would exercise under the existing circumstances. See P.I.K. Civil, 8.91, and Restatement of the Law of Torts, Second, Ch. 17, Sec. 495, Comment c, d, pp. 556, 557.

We are not unmindful of the fact that high speed trains running on fixed tracks cannot be expected to stop at every crossing and that railroad tracks are themselves a warning of danger; especially is this true concerning the driver whose primary duty is to keep a lookout for danger and keep his vehicle under control.

In tort cases it is generally accepted that even though a person has knowledge of some possible danger, such knowledge by that person does not, without some comprehension of added risk and failure to reasonably respond thereto, constitute negligence as a matter of law. See *Nave v. Hixenbaugh,* 180 Kan. 370, Syl. 3, 304 P. 2d 482, and *Autry v. Walls I.G.A. Foodliner, Inc.,* 209 Kan. 424, Syl. 3, 497 P. 2d 303.

Except under limited conditions passengers in modern vehicles are not expected nor required to keep a constant lookout or to remain aware of all conditions ahead of the vehicle in which they are riding. It is a common occurrence for a passenger in the front seat to take his attention off the road to look at the scenery or he may turn to speak to a friend in the back seat. When people are making an extended trip it is not uncommon for a passenger to read a book or to go to sleep. Ordinarily, the duty of care imposed on a passenger in the back seat of an automobile is not commensurate with that required of the driver. (*McGlothlin v. Wiles,* supra, Syl. 2.)

However, if a passenger knows that at a particular point there will be a peculiar danger, which he has reason to believe might escape the attention of the driver, he may be negligent if he does not keep himself in a position to call the danger to the attention of the driver. A passenger is entitled to trust the vigilance and skill of the driver unless he knows from past experience or the manner in which the car is being driven that his driver is not vigilant or skillful. (*Miller v. Atchison, T. & S. F. Ry. Co.,* 166 C.A. 2d 160, 332 P. 2d 746.)

In other jurisdictions it has been held that a passenger in a motor vehicle driven by another is not required to exercise the same degree of vigilance as the driver in looking and listening for trains at a crossing. (*Hatcher v. New York Cent. R. R. Co.,* 17 Ill. 2d 587, 162 N.E. 2d 362.) The mere sight or knowledge of the presence of a railroad crossing does not of itself impose a duty to warn the driver of what lies ahead. (*Frideres v. Lowden,* 235 Iowa

640, 17 N.W. 2d 396; *Finley v. Lowden*, 224 Iowa 999, 277 N.W. 487; and *Gorman v. Franklin*, [Mo.] 117 S.W. 2d 289.) The passenger may rely upon the driver performing his duty at a railroad crossing until it becomes apparent that he will not do so. A passenger is required to exercise ordinary care for his own safety in approaching a railroad crossing and if he sees or should have seen the approach of a train in time to inform the driver of it and cause the driver to stop the vehicle thereby preventing a collision but fails to do so, he may be held guilty of contributory negligence but that determination is generally left to the trier of fact. In such case it has been held the negligence may bar recovery from both the driver and from the railroad as well. (*Liabraaten v. Minneapolis, St. P. & S. Ste. M. Ry. Co.*, 105 Minn. 207, 117 N.W. 423.)

In most cases in which the question has arisen in other jurisdictions the circumstances and evidence have been such that contributory negligence of the passenger in failing to watch for and warn of the approach of a train at railroad crossings has been deemed to be a question of fact for the jury. (See 8 Am. Jur. 2d, Automobiles and Highway Traffic, Sec. 531, p. 89, and cases cited n. 20, and 75 C.J.S., Railroads, Secs. 768, 777.)

Although our Kansas cases have not been consistent we do have some cases which have held that contributory negligence on the part of both the driver and his passenger in failing to watch or to warn of the approach of a train at a railroad crossing is a question of fact for the jury. Our court has permitted some of these cases to go to a jury. See *Johnson v. Union Pacific Rld. Co.*, 157 Kan. 633, 143 P. 2d 630; *Kendrick v. Atchison, T. & S. F. Rld. Co.*, 182 Kan. 249, 320 P. 2d 1061; *Sexsmith v. Union Pacific Railroad Co.*, 209 Kan. 99, 495 P. 2d 930; and *Waits v. St. Louis-San Francisco Rly. Co.*, 216 Kan. 160, 531 P. 2d 22.

We believe the time has now come for this court to hold that the strict rule in *U. P. Rly. Co. v. Adams*, supra, Syl. 2; *Bush v. Railroad Co.*, 62 Kan. 709, Syl. 3, 64 Pac. 624; *Kirby v. Railway Co.*, 106 Kan. 163, Syl., 186 Pac. 744; *Rathbone v. Railway Co.*, 113 Kan. 257, 214 Pac. 109; *Cooper v. Railway Co.*, 117 Kan. 703, 232 Pac. 1024; *Buchhein v. Atchison, T. & S. F. Rly. Co.*, supra, and similar cases, holding that a passenger in a vehicle is contributorily negligent as a matter of law when approaching railroad tracks if he fails to keep a lookout and warn the driver of

any danger, is no longer the law in Kansas. Accordingly we disapprove the holding in such cases. As to the legal responsibility of a passenger we adopt the law stated in P.I.K. Civil, 8.91, p. 248, which reads as follows:

"It is the duty of a passenger while riding in an automobile driven by another person, to use that care which a reasonably careful person would use for his own protection under the circumstances then existing.

"A passenger may properly rely upon the driver to attend to the operation of the vehicle, in the absence of knowledge of danger, or of facts which would give him such knowledge.

"It is for the jury to say from the evidence whether a passenger exercised such care as a reasonably careful person would exercise under the existing circumstances."

In applying such duty of a passenger to the facts of the present case we believe it can be said this passenger was not contributorily negligent as a matter of law. Prior to the time he heard the sewer pipe fall off the truck he had not heard or seen the approaching train. His vision was totally obscured by the tall building on the southwest corner of the intersection. He and the driver of the truck had just loaded the sewer pipe and were responsible for its transportation and safekeeping. It was not his responsibility to drive the truck. When he heard the pipe fall it was a normal reaction to turn and look out the back window. There was no reason appearing in the evidence why it was not proper for him to rely on the driver to attend to the operation of the truck. The truck was being driven at a rate of speed of five miles per hour and could have been stopped within a few feet. Smith testified he does not know or cannot remember whether he looked for or saw the train before the collision. He further testified that he remembers turning in the seat and looking back and that is the last thing he remembers for a period of one week. He did receive serious injuries and was hospitalized.

We hold that generally the failure of the passenger to keep a lookout for trains while approaching a known railroad crossing will not in itself constitute contributory negligence as a matter of law even though he may have diverted his attention elsewhere when the train came into view. Contributory negligence of a passenger should depend upon the facts and circumstances of each case and generally will be a question of fact to be determined by a jury after hearing all evidence in the case.

The summary judgment in favor of defendant, The Union

Pacific Railroad Company, is reversed and the case is remanded to the trial court for further proceedings.

KAUL, J. (concurring): I agree that summary judgment on the issue of contributory negligence was inappropriate in this case. However, I cannot agree with all of the reasoning expressed in the court's opinion.

The court still recognizes the principle running through all of our railroad crossing cases that railroad tracks are themselves a warning of danger yet relates a railroad crossing to an ordinary street intersection with respect to the duty of an automobile passenger. Following this reasoning the court adopts PIK (Civil), 8.91, p. 248, as a statement of the legal responsibility of a passenger in all cases, including railroad crossing accidents. I read the court's opinion as a mandate for the giving of PIK (Civil), 8.91 on the issue of an automobile passenger's negligence in all crossing cases where such is at issue. I cannot accept the proposition that a passenger's duty with respect to a railroad crossing is always identical with his duty generally as an automobile passenger. (See, 8 Am. Jur. 2d, Automobiles And Highway Traffic, Sec. 531, p. 88.)

In my view PIK (Civil) 8.91, as quoted in the court's opinion, is not a fair presentation of the issue, particularly as applied to the case at bar. Plaintiff's knowledge of the location of the tracks and the frequent use thereof by the railroad were admitted facts. The PIK committee has replaced 8.91 with a revised version (1975 Supplement to PIK 8.91) which reads:

"If a passenger has knowledge of danger and the circumstances are such that an ordinary person would speak out or take other positive action to avoid injury to himself, then it is his duty to do what the ordinary person would do under the circumstances. Unless such knowledge and circumstances exist, he may rely upon the driver to attend to the operation of the vehicle." (p. 94.)

I believe the above to be a more accurate and concise statement of the applicable law and much more appropriate in the light of the facts developed in the case at bar. It more clearly delineates the duty of a passenger who has knowledge of danger and limits the reliance which he may put upon his driver when he possesses such knowledge. The revised instruction coupled with an instruction that railroad tracks are themselves a warning of danger, I believe would cover the question of a passenger's contributory negligence in terms understandable to a jury.