(566 P.2d 26)
No. 48,196

EDNA E. MILLER, *Plaintiff,* and LAWRENCE T. MILLER, *Appellee,* v. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, *Appellant,* and LARRY E. DIXON, *Defendant.*

Opinion filed June 10, 1977.

*Mark L. Bennett, Jr.,* of Davis & Bennett, of Topeka, and *Kenneth E. Peirce,* of Hodge, Reynolds, Smith, Peirce & Forker, of Hutchinson, for appellant.

*Stanley R. Juhnke,* of Dinges, Gottschalk, Bolton & Juhnke, and *Richard J. Rome,* of Hutchinson, for appellee.

Before HARMAN, C.J., REES and SWINEHART, JJ.

REES, J.: This is an action for personal injuries that arises out of an accident involving an automobile and a Rock Island switch engine at a railroad crossing in Hutchinson on the night of January 17, 1973. The automobile was driven by Edna Miller, and her husband, Lawrence Miller, was riding as a passenger in the right front seat. The Millers were injured and brought this suit against Rock Island and the engineer, Dixon. Trial of the case resulted in judgments in favor of both defendants against Edna Miller, in favor of Dixon against Lawrence Miller, and in favor of Lawrence Miller against Rock Island. Rock Island has appealed from the judgment in favor of Lawrence Miller.

Rock Island's contentions on appeal are that on the evidence and as a matter of law the railroad was not negligent and Lawrence Miller was contributorily negligent. It also objects to failure to give certain requested instructions and the overruling of its motion for a new trial.

A limited statement of facts will set the scene. The Miller automobile was northbound on Plum Street. The switch engine was moving west pulling seven loaded boxcars. In addition to Dixon, there were three other members of the train crew in the engine cab. About 82 feet south of the Rock Island tracks is a set of Missouri Pacific tracks that also crosses Plum Street. Elmo Pierson's bargain store is located to the southeast of the crossing. There are stacks of used lumber to the north of Pierson's building

and south of the Missouri Pacific tracks. As a traveler approaches the crossing on Plum Street, there is a slight incline of the roadway to a point a short distance south of the Missouri Pacific tracks. The street then is level to and beyond the Rock Island tracks.

There are two crossing signs and two crossbucks to the south of the crossing and on the east side of the street. The crossing is not protected by automatic flashing lights, bells or gates. There was no flagman.

The Millers had traveled over the crossing on previous occasions and were familiar with it.

Defense witnesses testified that as the engine traveled west its whistle and bell were sounded and the engine headlight and ground lights were illuminated. The Millers testified that they did not hear a whistle or bell and they saw no engine lights.

We have reviewed the record evidence in detail. No useful purpose would be served in its recitation at any greater length. It must be viewed most favorably to Lawrence Miller, the prevailing party below. We are unable to hold that as a matter of law the evidence with respect to the issue of Rock Island's negligence was insufficient, although there is no question such evidence was weak at best.

Rock Island's most compelling argument is that Lawrence Miller was contributorily negligent as a matter of law. He testified that as the car neared the crossing he glanced or looked to the east but did not see the train; he saw a light on Pierson's building and the light and building obstructed his view; he did not recall looking again prior to the accident; he did not know if his view to the east would have been obstructed once the car was within 25 to 50 feet of the crossing; and he gave no warning to his wife. Pierson testified that the light on his building was disconnected and definitely was not on the night of the accident. Photographs of the accident scene and evidence concerning lines of sight measurements were presented by Rock Island to show that Miller's view was not obstructed when he was to the north of Pierson's building.

The argument of Rock Island is that Lawrence Miller was contributorily negligent as a matter of law under the rule enunciated in *Buchhein v. Atchison, T. & S. F. Rly. Co.*, 147 Kan. 192, 75 P.2d 280; *Sander v. Union Pacific Rld. Co.*, 205 Kan. 592, 470

P.2d 748; and similar cases. That rule imposes upon an automobile passenger at a railroad crossing the strict duty to keep a lookout for possible danger, to see what there is to be seen and to warn the driver of *every* approaching train. Under the rule, the duty of the passenger is equal to that of the driver.

Whatever the reasons may have been for its adoption and application by our courts, the fact of the matter is that our Supreme Court has now held that the rule is no longer the rule in Kansas. *Smith v. Union Pacific Railroad Co.,* 222 Kan. 303, 564 P.2d 514. *Smith* holds in essence that the duty of a passenger in a vehicle approaching a railroad crossing simply is to exercise reasonable care under the existing circumstances. Thus, in regard to Lawrence Miller's conduct, we cannot hold that the court erred in overruling Rock Island's motions for directed verdict or new trial and we cannot reverse with direction to enter judgment against him.

The trial court's instructions to the jury were in accord with *Smith.* The requested instructions of Rock Island that were not given by the trial court and concerning which Rock Island has argued on appeal are all founded upon the rule rejected by *Smith.* Accordingly, the trial court did not err in its instructions.

Rock Island's motion for a new trial neither raised issues that have not been dealt with nor involved action by the trial court shown to have been prejudicial.

The judgment is affirmed.